WHITE *v.* SHAW.

1. TAXATION — TAX SALES — NOTICE TO REDEEM — SERVICE — DECEASED OWNER.

  The notice to redeem from a tax sale prescribed by section 140 of the general tax law, in the case of a deceased owner, must be served upon the executor or administrator of such deceased owner or upon his heirs.

2. SAME—NOTICE.

  Where land belonging to several owners is assessed as an entirety and sold to the State for nonpayment of taxes, a subsequent purchaser of the State's title is not entitled to go into possession until six months after he has caused the notice provided by section 140 of the general tax law to be served upon each of the owners, and until this has been done any one of the owners or grantees may redeem, notwithstanding he has been served with the notice and the statutory period has elapsed.

Appeal from Marquette; Stone, J.   Submitted October 10, 1907.   (Docket No. 13.)   Decided December 10, 1907.

Bill by Peter White against George W. Shaw and the Marquette National Bank to redeem from a tax deed. From a decree for complainant, defendants appeal. Affirmed.

*A. B. Eldredge* and *A. E. Miller*, for complainant.

*M. J. Sherwood*, for defendants.

CARPENTER, J. The lands in controversy being assessed as an entirety were sold to the State for the nonpayment of taxes. The State after the time of redemption expired sold them—as an entirety—to defendant Shaw. At that time the record title stood in the names of complainant, James E. Jopling, and Henry M. Atkinson, each of whom owned an undivided one-third interest. Shaw served the notice prescribed by section 140 of the general tax law upon complainant and Jopling more than six months before this suit was instituted. Subsequently, Shaw transferred his interest to defendant, the Marquette National Bank. Complainant, having purchased the right of his co-tenant Jopling, brings this suit to obtain a reconveyance, and prevailed in the lower court. He insists that, notwithstanding the lapse of six months after notice to him, he has the right to a reconveyance of the interest acquired by Shaw because no valid service was ever made on his co-tenant Atkinson.

We are first called upon to determine whether a valid notice was ever served on Atkinson. The bill charges that Atkinson " died ten or twelve years ago." As this charge is not referred to in the answer, it must be taken as true. Under these circumstances the notice should have been served upon " the executor or administrator of said deceased person or upon his heirs." Section 140. No such notice was served. This brings us to the important question in the case, viz., Did the failure to serve notice upon Atkinson extend the time in which his co-tenants might demand a reconveyance? Upon this question we are so well satisfied with the opinion of the learned trial judge

that we adopt it. (We have, however, taken the liberty of making a very slight change to better answer an argument of defendant advanced in this court.)

"Each parcel of these lands was assessed, taxed and sold as an entirety. The owners of the different interests might have had their undivided interests taxed separately. They had the right, under the statutes, to pay or redeem their separate interests within the time prescribed by the statutes. This they did not do. When the purchase was made at the auditor general's office, and the deeds issued to defendant Shaw for the entirety, none of the owners of undivided interests could further claim the right to redeem except upon the payment of the whole sum paid by Shaw with one hundred per cent. additional, and the other sums prescribed by law. What are the rights and duties of the tax title purchaser? He must give his notice, not to a holder of an undivided interest only, but he must proceed against the 'grantee or grantees under the last recorded deed in the regular chain of title to said land.'

"His notice must be directed 'to the owner or owners of any and all interests in the land,'" and it informs them that he "has title" to the land therein described and that they "are entitled to a reconveyance thereof" on complying with the terms therein stated.

"The assessment, payment and redemption are all regulated by the statute, and if we can correctly construe and interpret the statute, we have solved the problem. It seems very clear that the tax title purchaser cannot go into possession until he has served the notice on all of the grantees under the last recorded deed, and that until he has thus complied with the statute, the right of redemption remains to *all* of such grantees; and this is rendered very clear by a reference to section 141.

"'*Any* grantee or grantees under the last recorded deed in the regular chain of title, or under tax deeds to such lands, or *any* mortgagee or mortgagees named in all undischarged recorded mortgages, or *any* assignee thereof of record at the time of giving of said notice, or *any* executor, administrator, heir, trustee or guardian of said grantee, mortgagee or assignee, as provided in section one hundred forty of this act, shall be entitled to receive from the person so claiming under and by virtue of such tax deed, at any time within six months after the personal service of such notice, or the date of mailing said notice by registered mail, or

the first publication of such notice, as so provided, a reconveyance of such interests in such land so held, together with all certificates and tax receipts issued as a condition of such purchase, upon payment to the owner of such tax deed, or to the register in chancery of the county in which the lands are located, of the amount paid upon such purchase, together with one hundred per cent. in addition thereto, and the lawful fees or costs for such personal service, or substituted service, which fee shall be the same as provided by law for service of subpœnas, or for orders of publication, or the cost of such service by registered mail, and the further sum of five dollars for each description, without additional cost or charge.'

"In *Pike* v. *Richardson*, 136 Mich. 414, it was held that sections 140 and 141 should be construed together, the period allowed for redemption being coterminous with the period during which the holder of the tax title may take action, so that the personal service referred to in section 141 contemplates a service completed by filing a return.

"The tax title holder cannot proceed by 'piecemeal' to cut off the right of redemption of each part owner. Until he has complied with the statute as to *all*, the right of redemption remains to *all*. It seems to me that this is the reasonable construction that is given to these statutes. In the late case of *Williams* v. *Olson*, 141 Mich. 580, the Supreme Court said:

"'The legislative purpose is plain, A person who buys delinquent tax lands of the auditor general is not invested with all the rights of a landowner, nor are adverse titles and interests in the land extinguished until the owners of such titles and interests are afforded, by the act of the tax title holder, opportunity to pay the taxes and a penalty, and obtain a reconveyance. A short period of limitation is established, *which begins to run upon the giving of the statute notice.* The essential idea of the legislation is opportunity for the delinquent taxpayer. The period of opportunity begins with notice, and runs, according to a construction already given the statute by this court, until such time as the tax title holder has brought himself within the statute conditions for taking action. *Pike* v. *Richardson, supra.'*

"Would the defendant Shaw be entitled to a writ of possession as to these lands by showing six months' service on White and Jopling only? Clearly not. (See language of section 142.) Then it must be that the tax title holder is not entitled to go into possession until six

months' notice has been served upon *all* grantees or owners; and until this has been done, any *one* of them may redeem."

The decree is affirmed, with costs.

McALVAY, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.