McDonald, P.J.
 

 Plaintiff, city of Detroit, appeals as of right from a circuit court judgment entered in favor of defendants, Peter Adamo, Andiamo, Inc., and 5900 Associates, L.L.C., in this action for a declaratory judgment and an injunction. We affirm.
 

 This case involves two pieces of property in the city of Detroit, the “Chrysler Site,” located at 6501 Harper Avenue, and the “World Trade Center Site,” located at 5900 Livemois. After property taxes were unpaid on the properties, the properties were bid off to the state at tax sales in May 1991 and May 1992,
 
 *237
 
 respectively. Defendant Andiamo, Inc., received a quitclaim deed to the Chrysler site in May 1995, and defendant 5900 Associates, L.L.C., received a quitclaim deed to the World Trade Center Site in September 1996. The issue on appeal is whether defendants’ grantors still had a right of redemption at the time they executed the quitclaim deeds to defendants. This issue involves interpretation of provisions of the General Property Tax Act (GPTA), MCL 211.1
 
 et seq.;
 
 MSA 7.1
 
 et seq.,
 
 that govern the right of redemption of properties sold at tax sales. Issues of statutory interpretation are questions of law and are reviewed de novo.
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998).
 

 Different provisions of the GFTA apply to determine the right of redemption depending on whether a private purchaser buys the property at the tax sale or whether the property is bid off to the state.
 
 City of Flint v Takacs,
 
 181 Mich App 732, 736; 449 NW2d 699 (1989). When the property is bid off to the state, as it was in this case, there are several periods during which those who have an interest in the property have the right to redeem the property. The first redemption period ends on the first Tuesday in May in the year following the tax sale. MCL 211.74; MSA 7.120. After this one-year redemption period expires, “absolute title” vests in the state of Michigan. MCL 211.67; MSA 7.112, MCL 211.67a; MSA 7.112(1). The second redemption period ends on the first Tuesday in the November following the vesting of absolute title in the state. MCL 211.131c; MSA 7.190(1). In other words, § 131c extends the opportunity to redeem another six months beyond the first one-year
 
 *238
 
 redemption period. After this six-month redemption period expires, a hearing must be held before the Department of Treasury at which owners of a recorded property interest in the property must be given an opportunity to show cause why the tax sale and deed to the state should be canceled.
 
 [1]
 
 MCL 211.131e(2); MSA 7.190(3)(2). MCL 211.131e(l); MSA 7.190(3)(1) further extends the redemption period. As it applied to this case, MCL 211.131e(l); MSA 7.190(3)(1) extended the redemption period until “owners of a significant property interest” in the property had been notified of the show cause hearing.
 
 [2]
 
 Section 131e provides one final opportunity to redeem the property in the thirty days following the date of the show cause hearing. MCL 211.131e(3); MSA 7.190(3)(3).
 

 The first two redemption periods are not at issue in this case. It is undisputed that defendants’ grantors did not redeem the properties during the first year and six months following the tax sales. Instead, the issue is whether defendants’ grantors had a right to redeem the properties at the time they executed the quitclaim deeds conveying their rights in the properties to defendants.
 

 Regarding the Chrysler Site, the state gave notice to Philip Stramaglia and others that a § 131e show cause hearing would be held April 12, 1994. However, plaintiff admits that at that time, the state failed to notify
 
 *239
 
 all persons or entities that owned a redeemable interest in the property. Stramaglia failed to appear at the hearing and did not redeem the property in the thirty days following the hearing. Approximately a year later, on May 22, 1995, Stramaglia executed a quitclaim deed conveying his rights in the property to defendant Andiamo, Inc. The state later notified other owners, who had not been notified of the first hearing, that a § 131e show cause hearing would be held July 29, 1997. Defendant Andiamo, Inc., was never notified of any § 131e show cause hearings, although its quitclaim deed was recorded before the July 29, 1997, hearing. The trial court found that because the state did not give notice to all owners of the April 12, 1994, hearing, Stramaglia’s right to redeem was not extinguished when he received notice. Accordingly, the trial court held Stramaglia’s right to redeem was passed to defendant Andiamo, Inc., by the quitclaim deed.
 

 Regarding the World Trade Center Site, the state gave notice to Ultimate Corporation and others that a § 131e show cause hearing would be held October 30, 1995. Plaintiff admits that at that time, the state failed to notify all persons or entities that owned a redeemable interest in the property. Ultimate Corporation failed to appear at the hearing and failed to redeem the property during the thirty-day redemption period that followed. Approximately a year later, on September 25, 1996, Ultimate Corporation executed a quitclaim deed conveying its interest in the World Trade Center Site to defendant 5900 Associates, L.L.C. In July 1997, the state notified other owners, who had not been notified of the first hearing, that a § 131e show cause hearing would be held July 29, 1997.
 
 *240
 
 However, defendant 5900 Associates was never notified of any § 131e hearings, although it had recorded its quitclaim deed before the July 1997 hearing. The trial court held that the state’s failure to notify all those with an interest in the property at the time it notified Ultimate Corporation of the show cause hearing extended Ultimate’s right of redemption. Defendant 5900 Associates therefore acquired Ultimate’s right of redemption through the quitclaim deed.
 

 On appeal, plaintiff argues the trial court erred in holding that defendants’ grantors had a right of redemption when they executed the quitclaim deeds to defendants. Plaintiff contends that an owner who receives notice of a § 131e show cause hearing and fails to redeem may not extend its right of redemption if others entitled to receive notice did not receive notice of the hearing. Essentially, plaintiff contends the state may extinguish redemption rights “piecemeal” contrary to the trial court’s finding. We agree with the trial court.
 

 Whether the state may extinguish redemption rights “piecemeal” when property is bid off to the state at tax sales pursuant to the gpta is an issue of first impression. However, the Michigan Supreme Court long ago addressed this issue in the context of § 140 of the gpta, MCL 211.140; MSA 7.198, and held that a private tax sale purchaser “cannot proceed by ‘piecemeal’ to cut off the right of redemption of each part owner.”
 
 White v Shaw,
 
 150 Mich 270, 273; 114 NW 210 (1907). At the time the Court decided
 
 White,
 
 § 140 provided that a tax sale purchaser was required to give notice to “the owner or owners of any and all interests in the land,” including the “grantee or grantees under the last recorded deed in the regular chain
 
 *241
 
 of title,” that the tax sale purchaser “ha[d] title” and that the owner of the interest in the land had a right to a reconveyance upon compliance with the terms stated within the notice, i.e., payment of the taxes and a penalty.
 
 White, supra
 
 at 272-273. This notice triggered the six-month period in which the owner could redeem the property.
 
 [3]
 

 Id.
 
 In
 
 White,
 
 three individuals each owned an undivided one-third interest in the property. The tax sale purchaser served notice of the right of redemption on two of the three individuals, but failed to serve notice on the executor of the estate of the third owner, who had died several years earlier. The Court considered whether the “failure to serve notice upon [the deceased’s estate] extended the time in which his cotenants might demand a reconveyance.”
 
 Id.
 
 at 271. The Court held that the failure to serve notice did extend the cotenants’ time, stating that until the tax sale purchaser “complied with the statute as to
 
 all,
 
 the right of redemption remains to
 
 all.” Id.
 
 at 273 (emphasis in original).
 

 Plaintiff argues this Court should not apply the rule of
 
 White
 
 to this case because of the differences between § 140 and § 131e. Plaintiff argues that the six-month redemption period of § 140 begins to run when the sheriff files proof that all parties have been served with notice, while the final thirty-day redemption period of § 13 le begins to run on the date of the show cause hearing. We fail to see why this distinction would prevent us from applying
 
 White
 
 to cases in
 
 *242
 
 which the property is bid off to the state. Both sections require notice of the right of redemption to all owners. Contrary to plaintiffs protests, there need not be multiple show cause hearings to accommodate various owners and, therefore, multiple redemption periods. We do not think it would be so difficult to schedule a hearing to accommodate all interested owners once they have all been notified.
 

 Plaintiff also argues that this Court has rejected defendants’ position that if all parties entitled to notice have not received notice, the redemption period of those who have received notice is extended. Plaintiff cites
 
 Halabu v Behnke,
 
 213 Mich App 598; 541 NW2d 285 (1995). In
 
 Halabu,
 
 a private purchaser bought the property at a tax sale and gave the defendant notice pursuant to MCL 211.140; MSA 7.198 that the property had been purchased and that the defendant had a right to redeem the property upon payment of 150 percent of back taxes within six months of the tax sale. However, the purchaser failed to give notice to the United States government, which had previously placed a tax lien on the property for unpaid federal income taxes. This Court held that the failure to notify the United States did not toll the running of the defendant’s redemption period, relying on § 73a of the gpta, MCL 211.73a; MSA 7.119.
 
 Halabu, supra
 
 at 605. In 1975, the Legislature amended § 73a to provide, in relevant part:
 

 A person who has himself been properly served with notice and failed to redeem from a sale in accordance with this act, within the period herein specified, shall not thereafter be entitled to question or deny in any manner the sufficiency of notice upon the ground that some other person
 
 *243
 
 or persons entitled to notice was not also served. [MCL 211.73a; MSA 7.119.]
 

 Plaintiff concedes § 73a applies only when a private purchaser buys the property at a tax sale, not when property is bid off to the state. There is no parallel provision applicable when property is bid to the state. The Legislature could have added such a provision when it amended § 73a, but it chose not to do so. Accordingly, while plaintiff is correct that this Court has rejected defendants’ position in the context of property bought by a private tax sale purchaser, we refuse to extend this holding to the present case where the property was bid off to the state.
 

 We hold that the trial court properly applied the rule of
 
 White
 
 to this case. Because the state failed to notify all interested owners of their right to redeem, defendants’ grantors still had a right to redeem at the time the quitclaim deeds were executed, which was conveyed to defendants. The state should have located all those with a significant interest in the property and served them with notice at the same time it notified defendants’ grantors of their rights to redeem. Because the state failed to do so, it sent more notices in July 1997 to those who had not been previously notified. However, at that time defendants had an interest in the properties and should have been notified of their rights to redeem. Accordingly, the state did not extinguish defendants’ rights to redeem.
 

 Affirmed.
 

 [1]
 

 MCL 211.98; MSA 7.151 specifies reasons why the deed may be canceled.
 

 [2]
 

 The Legislature amended the statute in 1996, and the statute now provides that the redemption period is extended until “the owners of a recorded property interest in the property” have been notified of the show cause hearing. MCL 211.131e(l); MSA 7.190(3)(1).
 

 [3]
 

 At the time of the tax sale in this case, § 140 still required a private tax sale purchaser to perfect title by giving notice to all interested parties that the tax deed has been issued and that the recipient of the notice has six months to redeem the property. MCL 211.140; MSA 7.198;
 
 Andre v Fink,
 
 180 Mich App 403, 406; 447 NW2d 808 (1989).