647 N.W.2d 479 (2002)
CITY OF DETROIT, Plaintiff-Appellant, and
Attorney General ex rel. Michigan Department of Environmental Quality and Michigan Department of Natural Resources, Intervening Plaintiffs-Appellees,
v.
Peter ADAMO, Andiamo, Inc., and 5900 Associates, L.L.C., Defendants-Appellees.
City of Detroit, Plaintiff-Appellee, and
Attorney General ex rel. Michigan Department of Environmental Quality and Michigan Department of Natural Resources, Intervening Plaintiffs-Appellants,
v.
Peter Adamo, Andiamo, Inc., and 5900 Associates, L.L.C., Defendants-Appellees.
Nos. 114794, 119142, COA Nos. 211552, 211553.
Supreme Court of Michigan.
July 3, 2002.
The Court having granted leave to appeal and heard oral argument in this matter, we ORDER as follows: The controversy regarding the property located at 5900 Livernois is moot because the state reconveyed the deed to defendant 5900 Associates, L.L.C. upon redemption.
We REVERSE the decision of the Court of Appeals in City of Detroit & Kelley, ex rel State. of Michigan v. Peter Adamo, Andiamo, Inc., & 5900 Associates, LLC, 234 Mich.App. 235, 593 N.W.2d 646 (1999) (Adamo I) and hold that the former M.C.L. § 211.131e did not require simultaneous notice. Further, we VACATE the decision of the Court of Appeals in City of Detroit & Kelley, ex rel State of Michigan v Peter Adamo, Andiamo, Inc, & 5900 Associates, LLC, unpublished per curiam of the Court of Appeals, issued February 9, 2001 (Docket No 211553), 2001 WL 755434 (Adamo II) because, in light of our interpretation of the former M.C.L. § 211.131e, it is unnecessary to consider the retroactivity of the amended M.C.L. § 211.131e. This matter is REMANDED to the circuit court for entry of summary disposition in favor of plaintiffs.
We do not retain jurisdiction.
TAYLOR, J., states.
I agree with the majority that the controversy regarding the 5900 Livernois property is moot.
However, I respectfully dissent from the majority's treatment of the former M.C.L. § 211.131e. In my view, that statute did require "simultaneous notice" or, in other words, did not allow for "piecemeal" termination of redemption rights to the parcels of land to which it applied. The former M.C.L. § 211.131e(1) provided:
The redemption period on those lands deeded to the state pursuant to section 67a that have a state equalized valuation of $1,000.00 or more shall be extended until the owners of a significant property interest in the property have been notified of a hearing before the department of treasury. Proof of the notice to those persons and notice of the hearing shall be recorded with the register of deeds in the county in which the property is located. [emphasis added.]
The emphasized language means that there is one redemption period on a parcel of land rather than multiple redemption *480 periods for various significant property interests in such land. Moreover, the former M.C.L. § 211.131e(2) provided in pertinent part that, "The hearing shall be held to allow these owners to show cause as to why the tax sale and the deed to the state should be canceled for any of the reasons specified in section 98." This language contemplates the holding of one hearing where the owners of a significant property interest may challenge the validity of the tax sale and deed to the state as opposed to multiple hearings as the majority's conclusion would entail.
Accordingly, I conclude that a proper resolution of this case would turn on whether the current M.C.L. § 211.131e should be applied retroactively to this case. However, in light of the majority's resolution of this case, it is unnecessary to decide that issue.
MARKMAN, J., joins in the statement of TAYLOR, J.