ROSS v STATE OF MICHIGAN

Docket No. 233583. Submitted December 10, 2002, at Detroit. Decided
    January 14, 2003, at 9:20 A.M. Leave to appeal sought.

    Guy A. Ross brought an action in the Wayne Circuit Court against the
    state of Michigan and others, seeking to quiet title to a parcel of
    realty. While Walter Allen had owned the parcel, it was sold at a tax
    sale for nonpayment of 1991 property taxes. Allen had died during
    the initial redemption period, and Stanley Allen was appointed per-
    sonal representative of the decedent's estate. The state treasurer
    had issued a quitclaim deed to the state when the parcel was not
    redeemed. Following the expiration of the redemption period that
    followed the issuance of a deed to the state, the state had recorded
    its deed and the Department of Natural Resources had then sold
    the property to Hasan Ali Altaii. After the state had recorded its
    deed but before the sale to Altaii, Stanley Allen had sold the parcel
    to the plaintiff by quitclaim deed. The court, John H. Gillis, Jr., J.,
    granted summary disposition for the defendants, ruling that the
    plaintiff's claim is barred by the statute of limitations, MCL 211.431,
    even though the state failed to comply with MCL 211.131e, which
    requires the Department of Treasury to provide notice of, and hold,
    a hearing to allow owners of recorded property interests an oppor-
    tunity to show cause why the tax sale and deed to the state should
    be canceled. The plaintiff appealed.

        The Court of Appeals *held*:

        1. Property may be sold at a tax sale three years after the failure
    to pay taxes. Once property is sold, there is a one-year redemption
    period. After this one-year redemption period expires, absolute title
    vests in the state of Michigan. Thereafter, another redemption
    period arises until the first Tuesday in November. During this
    period, the Department of Natural Resources must either attempt
    to personally serve the person occupying the land with the redemp-
    tion notice or post the notice on the premises. After these redemp-
    tion periods expire, MCL 211.311e requires the Department of Trea-
    sury to hold a hearing to allow owners of recorded property inter-
    ests the opportunity to show cause why the tax sale and deed to
    the state should be canceled. MCL 211.131e actually extends the
    redemption period and provides record property owners with a

final opportunity to redeem the property within thirty days following the show cause hearing.

2. Under MCL 211.431, the state's title shall be deemed absolute and complete six months after the state records its deed. Notwithstanding MCL 211.431, the right of redemption of an owner of a recorded property interest does not expire unless such owner received notice of the hearing required by MCL 211.131e and thirty days shall have elapsed after the hearing.

3. In this case, the parcel is still subject to redemption under MCL 211.131 inasmuch as the required show cause hearing is yet to be noticed.

Reversed.

*The Casab Law Firm, P.C.* (by *Alfredo Casab*), for Guy A. Ross.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Kevin T. Smith*, Assistant Attorney General, for State of Michigan, Department of Treasury, and Department of Natural Resources.

*Earl E. Ward, P.C.* (by *Earl E. Ward*), for Hasan Ali Altaii.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

PER CURIAM. Plaintiff Guy A. Ross appeals as of right the trial court's February 15, 2001, judgment denying his motion for summary disposition and granting defendants summary disposition pursuant to MCR 2.116(I). The trial court determined that the statutory period of limitation had expired on plaintiff's action and quieted title to the subject property in defendant Hasan Ali Altaii. We reverse.

This case involves a dispute over property located within the city of Detroit. The first parcel of property is commonly known as 8529 W. Eight Mile (Item 9410) and is described as the east twenty feet of

Lot 1. The second parcel of property is commonly known as 8539 W. Eight Mile (Item 9411) and is described as the west 18.6 feet of Lot 1 and all of Lot 2. This appeal involves only Item 9411.

In November 1982, the city of Detroit issued a quit-claim deed and sold the "west 18.6 feet of lot one" to Walter Allen. This deed contained a restrictive covenant indicating that Walter Allen was already the title holder of Lot 2. The city of Detroit subsequently sold Item 9410 to Walter Allen in 1984. Ten years later, Item 9411 was sold at a tax sale for nonpayment of the 1991 property taxes. Item 9411 was subject to redemption until May 2, 1995.

Walter Allen passed away during the redemption period, and in February 1995 Stanley Allen was appointed personal representative of the estate. When the property was not redeemed before the May 1995 deadline, the state treasurer issued a quitclaim deed to the state. The property was then subject to redemption until November 7, 1995, and when the property was still not redeemed, the state recorded its deed on March 14, 1996. In October 1999, the Department of Natural Resources (DNR) sold the property to defendant Hasan Ali Altaii.

On March 8, 1996, Stanley Allen sold the "West 18.60 feet of Lot 1" and "8529 Eight Mile Rd . . . #16-9410" to plaintiff. Plaintiff recorded the deed on January 27, 1998, but never paid property taxes on Item 9411. On November 4, 1999, Stanley Allen gave plaintiff a quitclaim deed to both Items 9410 and 9411. Plaintiff subsequently filed this action to quiet title to Item 9411. Plaintiff claimed that he was never given the opportunity to redeem the property and asked that the deed to defendant Altaii be set aside.

The state admitted that it failed to notify either plaintiff or Walter Allen's estate as required under MCL 211.131e. Nevertheless, the trial court held that the six-month period of limitation had run on plaintiff's claim.[1] MCL 211.431.

On appeal, plaintiff argues that he is entitled to a right of redemption of this real property pursuant to the provisions of the Michigan General Property Tax Act, MCL 211.1 *et seq.* Specifically, plaintiff notes the state's failure to provide notice in accordance with MCL 211.131e. We agree. A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo on appeal. *Hazle v Ford Motor Co*, 464 Mich 456, 461; 628 NW2d 515 (2001). Likewise, statutory interpretation is a question of law that is subject to review de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002).

A motion brought pursuant to MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and is properly granted only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 397; 605 NW2d 685 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in a light most favorable to the nonmoving party to decide whether a genuine issue of material fact exists." *Singer v American States Ins*, 245 Mich App 370, 374; 631 NW2d 34 (2001).

---

[1] The trial court noted that the state recorded its deed on March 14, 1996, and that plaintiff's claim expired six months from that date.

The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. *Danse Corp v Madison Hts*, 466 Mich 175, 181-182; 644 NW2d 721 (2002). The Legislature is presumed to intend the meaning it plainly expressed. *Guardian Photo, Inc v Dep't of Treasury*, 243 Mich App 270, 276-277; 621 NW2d 233 (2000). "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). However, when the statute's language is clear and unambiguous, judicial construction is neither required nor permitted. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Conversely, if reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Yaldo v North Pointe Ins Co*, 457 Mich 341, 346; 578 NW2d 274 (1998). " 'In determining legislative intent, statutory language is given the reasonable construction that best accomplishes the purpose of the statute.' " *Frankenmuth Mut, supra* at 515, quoting *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 219 Mich App 165, 170; 555 NW2d 510 (1996).

Property may be sold at a tax sale three years after the failure to pay taxes. *Smith v Cliffs on the Bay Condominium Ass'n*, 463 Mich 420, 428 n 5; 617 NW2d 536 (2000). Once property is sold, there is a one-year redemption period. MCL 211.74(1). "After this one-year redemption period expires, 'absolute title' vests in the state of Michigan." *Detroit v Adamo*, 234 Mich App 235, 237; 593 NW2d 646 (1999), rev'd on other grounds 466 Mich 890 (2002); see MCL 211.67.

Thereafter, another redemption period arises until the first Tuesday in November. MCL 211.131c(1). During this period, the DNR must either attempt to personally serve the person occupying the land with the redemption notice or post the notice on the premises. *Smith, supra* at 429 n 5. After these redemption periods expire, MCL 211.131e requires the Department of Treasury to hold a hearing to allow owners of recorded property interests the opportunity to show cause why the tax sale and deed to the state should be canceled.

In *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976), our Supreme Court held that due process requires that a property owner be given proper notice and an opportunity for a hearing to contest the state's claim that it may take property for the nonpayment of taxes. Indeed, it appears that the Legislature enacted MCL 211.131e as a result of this holding. *Brandon Twp v Tomkow*, 211 Mich App 275, 282; 535 NW2d 268 (1995). According to MCL 211.131e:

> (1) For all property the title to which vested in this state under this section after October 25, 1976, the redemption period on property deeded to the state under section 67a *shall* be extended until the owners of a recorded property interest in the property have been notified of a hearing before the department of treasury. Proof of the notice of the hearing *shall* be recorded with the register of deeds in the county in which the property is located.[2]

---

[2] At the time the six-month redemption period expired in this case, the statute provided that notice was to be given to "owners of a significant property interest in the lands" at issue. Although the statute was limited, by its terms, to land with a state equalized value of $1,000 or more, this Court held that aspect of the statute unconstitutional in *Brandon Twp, supra* at 283-284.

(2) . . . [One] hearing *shall* be held to allow each owner of a recorded property interest the opportunity to show cause why the tax sale and the deed to the state should be canceled for any reason specified in section 98. The hearing *shall* be held after the expiration of the redemption periods provided in section 131c. . . .

(3) . . . [A]fter expiration of the redemption periods provided in section 131c, on the first Tuesday in November after title to the property vests in this state, an owner of a recorded property interest may redeem the property up to 30 days following the date of hearing for that owner of a recorded property interest provided by this section by payment [of the delinquent taxes, interest, and penalties] . . . . [Emphasis added.]

Thus, MCL 211.131e actually extends the redemption period and provides record property owners with a final opportunity to redeem the property within thirty days following the show cause hearing. *Smith, supra* at 429 n 5; *Detroit, supra* at 238.

In the instant case, defendants admit that no notice of a show cause hearing was given to plaintiff or any other person claiming a right in the property. However, defendants opine that plaintiff's right of redemption is barred because the six-month limitation period expired. Pursuant to MCL 211.431:

After the expiration of 6 months from and after the time when any deed made to the state under the provisions of section 127 or section 67a of Act 206 of the Public Acts of 1893, being the general tax law, and acts amendatory thereto, shall have been recorded in the office of the register of deeds for the county in which the land so deeded shall be situated, the title of the state in and to the same shall be deemed to be absolute and complete, and no suit or proceeding shall thereafter be instituted by any person claiming through the original or government title to set aside, vacate or annul the said deed or the title derived thereunder . . . .

We have been unable to find any controlling case law construing both MCL 211.131e and MCL 211.431. However, the Court in *Dow, supra* at 197 n 9, noted that "[t]he state cannot rely on [MCL 211.431] to insulate itself from redress if the statutory procedure for tax sales does not meet constitutional requirements."[3] Indeed, it has repeatedly been held that strict compliance with the notice provisions in tax sales is required. *Brandon Twp, supra* at 284.

When used in a statute the term "shall" connotes a mandatory duty. *Depyper v Safeco Ins Co of America,* 232 Mich App 433, 438; 591 NW2d 344 (1998). In MCL 211.131e, the Legislature stated that the redemption period "shall" be extended until notice is given to record property owners of a hearing before the treasury department. Accordingly, we find that such notice is required before a party's right to redemption expires. Moreover, in *Brandon Twp, supra* at 284, this Court held that the failure to notify the former owner of such a hearing preserved his right of redemption despite "the change in title resulting from the original tax sale, the deeding to the state and the subsequent sale to [a third party]."

In this case, the state acquired title to the property within a year after the tax sale. MCL 211.67. After the state acquired title, the treasurer had sixty days to give the state a deed, MCL 211.67a(1), and plaintiff had six months to redeem the property. MCL 211.131c(1). Assuming the state promptly recorded its deed, the former owner's right to redeem would expire in four months, MCL 211.131c(1), and the right

---

[3] While the Court further noted that a different question would be presented if the rights of third persons intervened, it never addressed that issue. *Dow, supra* at 197, n 9.

to challenge the state's title would expire two months later. MCL 211.431. However, the former owner would still have one more chance to redeem the property— thirty days after the show cause hearing as provided by MCL 211.131e. If MCL 211.431 was interpreted to bar an action to enforce that right, the state could simply circumvent MCL 211.131e by promptly recording its deed and never holding the show cause hearing. Under such an interpretation, after the six months passed, the former owner's right to redeem would still exist under MCL 211.131e, but he would be unable to do anything about it under MCL 211.431. Such a construction should be avoided. See *Wickens, supra* at 60.[4]

Because the redemption period is extended until thirty days after a show cause hearing, and the show cause hearing was never noticed, we find that the property is still subject to redemption under the statute.

We reverse.

---

[4] To the extent defendants rely on *Frey v Scott*, 224 Mich App 304; 568 NW2d 162 (1997), we find that this case is clearly distinguishable. In *Frey*, this Court held that the plaintiffs' claim of interest pursuant to a recorded easement was extinguished after the tax foreclosure and the expiration of the six-month period of limitation. Unlike the instant case, the plaintiffs in *Frey* were not record owners and, thus, MCL 211.131e was inapplicable.