*In re* PETITION BY WAYNE COUNTY TREASURER
FOR FORECLOSURE OF CERTAIN LANDS FOR
UNPAID PROPERTY TAXES
(WAYNE COUNTY TREASURER v WESTHAVEN MANOR
LIMITED DIVIDEND HOUSING ASSOCIATION)

Docket No. 249807. Submitted August 11, 2004, at Detroit. Decided
February 24, 2005, at 9:00 a.m. Leave to appeal sought.

The Wayne County Treasurer petitioned the Wayne Circuit Court for
foreclosure on several parcels of property under the General Prop-
erty Tax Act, MCL 211.1 *et seq.*, including a parcel owned by
Westhaven Manor Limited Dividend Housing Association and sub-
ject to a mortgage held by the Michigan State Housing Development
Authority (MSHDA). The court, Mary Beth Kelly, J., entered a
foreclosure judgment with respect to several parcels, including the
Westhaven parcel. After the statutory redemption period expired,
the petitioner sold the Westhaven parcel to Western Wayne Realty,
L.L.C., doing business as RE/MAX Synergy. Westhaven Manor and
MSHDA subsequently initiated postjudgment proceedings to vacate
the foreclosure judgment, claiming they did not have notice of the
foreclosure proceeding and that defects existed in the foreclosure
process. The court determined that the petitioner had failed to
adhere to the statutory procedures regarding personal visits to the
property and placement of the foreclosure notice on the property.
The court also determined that it had not conducted an individual
analysis with respect to the property and the petitioner's compli-
ance with statutory notice procedures when ordering foreclosure.
The court vacated its foreclosure judgment with respect to the
Westhaven parcel, and ordered that the forfeiture certificate in the
petitioner's favor and the quitclaim deed transferring the West-
haven parcel from the petitioner to RE/MAX be declared void.
RE/MAX, as an intervening party, appealed by delayed leave
granted and the petitioner cross-appealed.

The Court of Appeals *held*:

1. The circuit court retained subject-matter jurisdiction over
its previously issued foreclosure judgment to determine if an
interested party's minimum due process rights were violated by a
lack of notice of the foreclosure. The circuit court may modify or

vacate such a judgment or order under MCR 2.612(C) if it finds that an interested party whose rights were adversely affected was not accorded the minimum due process that is required by MCL 211.78 and 211.78i, as amended by 1999 PA 123, to allow interested parties to take advantage of their redemption rights. If the proceeding on which an order was based is subsequently determined to be invalid because interested parties were not accorded due process, the order itself is invalid.

2. The circuit court applied the wrong standard in determining whether minimum due process was observed and remand is necessary for a determination of that issue. Strict compliance with statutory notice provisions is not necessary. If on remand the circuit court determines that the notice procedures did not accord minimum due process, then it is within the court's jurisdiction under MCR 2.612(C) to vacate the foreclosure judgment and void the sale of the property to RE/MAX.

Reversed and remanded.

ZAHRA, J., concurring, agreed that the circuit court erred in vacating its foreclosure judgment and declaring the foreclosure certificate and quitclaim deed void, but reached that conclusion because the circuit court lacked subject-matter jurisdiction to invalidate the proceeding underlying the foreclosure judgment and the petitioner's absolute title to the Westhaven parcel absent a violation of the minimum due process required, which was not apparent from the record. Moreover, MCL 211.78k(6) and (7) prohibit a circuit court from invalidating the foreclosing governmental unit's absolute title to property foreclosed, and the exclusive remedy for the alleged lack of notice is an action for damages in the Court of Claims under MCL 211.78l. The lower court's postjudgment order should be vacated, but the case should not be remanded.

TAXATION — TAX FORECLOSURES — CIRCUIT COURT — SUBJECT-MATTER JURISDICTION.

A circuit court retains its subject-matter jurisdiction over a previously issued foreclosure judgment to determine if the minimum due process required under MCL 211.78(2) and 211.78i(2), as amended by 1999 PA 163, was observed; if the circuit court finds that an interested party whose rights were adversely affected by the judgment was not accorded minimum due process, it may modify or vacate the judgment under MCR 2.612(C).

*Azzam E. Elder*, Corporation Counsel, and *Ellen E. Mason*, Assistant Corporation Counsel, for the Wayne County Treasurer.

*Loomis, Ewert, Parsley, Davis & Gotting, P.C.* (by *Michael H. Rhodes* and *Kevin J. Roragen*), for West-haven Manor Limited Dividend Housing Association.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Matthew H. Rick,* Assistant Attorney General, for the Michigan State Housing Development Authority.

*Lawrence R. Walker, P.C.* (by *Lawrence R. Walker*), for Western Wayne Realty, L.L.C.

Before: NEFF, P.J., and SMOLENSKI and ZAHRA, JJ.

SMOLENSKI, J. This is a foreclosure case brought pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, as amended by 1999 PA 123.[1] Western Wayne Realty, L.L.C., doing business as RE/MAX Synergy (RE/MAX), appeals by delayed leave granted, MCR 7.203(B), and petitioner, the Wayne County Treasurer, cross-appeals as of right, MCR 7.207(A)(1), the circuit court's postjudgment order vacating its previous order of foreclosure on a parcel of real property[2] (the Westhaven parcel) and ordering that the certificate of forfeiture in favor of petitioner, as well as the subsequent quitclaim deed purporting to transfer the Westhaven parcel from petitioner to RE/MAX, be declared null and void.

The significant issue in this case concerns the circuit court's subject-matter jurisdiction over its previous

---

[1] For purposes of this opinion, citations to the GPTA and to individual statutory sections contained within the GPTA refer to the statutes in effect at the time the petition was filed, June 14, 2001. Notably, the GPTA provisions at issue were subsequently amended twice, but neither amendment was effective as of the date the petition was filed. See 2001 PA 101; 2003 PA 263.

[2] Tax parcel no. 056-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-300.

judgment ordering foreclosure of the Westhaven parcel under the GPTA. The purpose of the GPTA and the statutory language of its notice provision, MCL 211.78i(2) require that if an interested party's minimum due process rights are violated, any proceeding that affected the interested party's property rights is invalidated and a cause of action may be maintained against the foreclosing governmental unit by the interested party for failure to provide the requisite statutory notice. In such a situation, we hold that the circuit court retains its subject-matter jurisdiction over its previously issued foreclosure judgment. However, because the circuit court applied the wrong standard in determining whether minimum due process was afforded, we reverse the court's postjudgment order dated June 20, 2003, and remand for a determination under the proper analysis.

### I. BASIC FACTS AND PROCEEDINGS

On June 14, 2001, petitioner filed this foreclosure action in the Wayne Circuit Court concerning several parcels of property in Wayne County, including the Westhaven parcel. The Westhaven parcel housed a government-assisted apartment complex for senior citizens. Westhaven Manor Limited Dividend Housing Association (Westhaven Manor) owned the Westhaven parcel, subject to a mortgage held by the Michigan State Housing Development Authority (MSHDA). Petitioner sought to foreclose on the Westhaven parcel for failure to pay special assessments for drainage improvements of $34.22 for 1997 and $61.15 for 1999, plus interest and fees, totaling approximately $356 when the petition was filed.

On March 4, 2002, the circuit court entered a judgment of foreclosure relating to several parcels of prop-

erty in Wayne County, including the Westhaven parcel.
The judgment vested petitioner with "good and market-
able fee simple title to the property, if all the forfeited
delinquent taxes, interest, penalties and fees are not
paid within 21 days after entry of the judgment." The
statutory redemption period expired and, later in 2002,
petitioner sold to RE/MAX the Westhaven parcel at a
public auction.

On March 3, 2003, Westhaven Manor and MSHDA
(respondents) initiated postjudgment proceedings be-
fore the circuit court to vacate the March 4, 2002,
judgment. Respondents claimed that they did not have
notice of the foreclosure action. Their motion raised
issues concerning whether statutory notice errors oc-
curred and whether their due process rights were
violated. Respondents argued that a "proof of personal
visit" that petitioner had filed with the circuit court in
support of its request for foreclosure misrepresented
that the Westhaven parcel was vacant, and that a notice
of foreclosure had not been posted in a conspicuous
place.

At a hearing in May 2003, the circuit court deter-
mined that respondents were entitled to relief from the
March 4, 2002, judgment under MCR 2.612(C). The
court granted respondents' respective motions on the
basis of its determination that petitioner failed to
adhere to the statutory procedures regarding personal
visits and placement of the foreclosure notice on the
property. The court also noted that, when it ordered
foreclosure of the Westhaven parcel, it did not conduct
an individual analysis with respect to the property and
petitioner's compliance with the statutory notice proce-
dures. Thus, the court concluded that petitioner's ac-
tions failed to comport with due process. On June 20,
2003, the circuit court entered its order vacating the

March 4, 2002, judgment of foreclosure with regard to the Westhaven parcel. Westhaven Manor was ordered to pay the outstanding special assessments, including penalties and interest, within twenty-one days of the order. The circuit court further ordered that the certificate of forfeiture in favor of petitioner, as well as the subsequent quitclaim deed purporting to transfer the Westhaven parcel from petitioner to RE/MAX, be declared null and void.

## II. SUBJECT-MATTER JURISDICTION

The principal issue on appeal is whether the circuit court had subject-matter jurisdiction over its previous March 4, 2002, judgment of foreclosure on the Westhaven parcel that vested title in petitioner, allowing the court to modify the judgment pursuant to MCR 2.612(C) (relief from judgment or order).

### A. STANDARD OF REVIEW

"Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *Davis v Dep't of Corrections*, 251 Mich App 372, 374; 651 NW2d 486 (2002). Also, the interpretation and application of a statute is a question of law reviewed de novo by an appellate court. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767; 664 NW2d 185 (2003).

### B. ANALYSIS

This case turns on our interpretation of the GPTA. The principles of statutory interpretation are well established. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. And the statutory language is the best

indicator of the Legislature's intent. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). Importantly, statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v City of Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). The rules of statutory interpretation apply equally to the interpretation of court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004).

In general, subject-matter jurisdiction has been defined as a court's power to hear and determine a cause or matter. *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992). The circuit court has "original jurisdiction in all matters not prohibited by law . . . ." Const 1963, art 6, § 13. Further, MCL 600.605 provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

Thus, circuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute. *Bowie, supra* at 38. Here, the essential question is whether the GPTA, as amended in 1999, divested the circuit court of jurisdiction to correct errors pertaining to tax foreclosure actions after a judgment of foreclosure was entered and the period for redemption expired.

MCL 211.78(2) states:

> It is the intent of the legislature that the provisions of this act relating to the return, forfeiture, and foreclosure of property for delinquent taxes satisfy the minimum requirements of due process required under the constitution of this state and the constitution of the United States but that those provisions do not create new rights beyond those

required under the state constitution of 1963 or the constitution of the United States. The failure of this state or a political subdivision of this state to follow a requirement of this act relating to the return, forfeiture, or foreclosure of property for delinquent taxes shall not be construed to create a claim or cause of action against this state or a political subdivision of this state *unless the minimum requirements of due process accorded under the state constitution of 1963 or the constitution of the United States are violated.* [Emphasis added.]

And the GPTA's applicable notice provision provides in pertinent part:

(2) The foreclosing governmental unit or its authorized representative shall determine the address reasonably calculated to apprise those owners of a property interest of the pendency of the show cause hearing under section 78j and the foreclosure hearing under section 78k and shall send notice of [these hearings] to those owners, to a person entitled to notice of the return of delinquent taxes under section 78a(4), and to a person to whom a tax deed for property returned for delinquent taxes was issued pursuant to section 72 as determined by the records of the state treasurer, by certified mail, return receipt requested, not less than 30 days before the show cause hearing. *The failure of the foreclosing governmental unit to comply with any provision of this section shall not invalidate any proceeding under this act* if *the owner of a property interest or a person to whom a tax deed was issued is accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States.* [MCL 211.78i(2) (emphasis added).]

Clearly, the applicable provisions of the GPTA require that interested parties, at a minimum, be provided with due process.

The notice provisions contained in MCL 211.78i, and MCL 211.78j and 211.78k by reference, are designed to

ensure that those with an interest in the subject property are aware of the foreclosure proceedings so that they may take advantage of their redemption rights. Indeed, this is the very purpose of due process in a tax foreclosure situation. The federal and state constitutions require that one be given notice and afforded an opportunity to be heard before being deprived of a property interest. *Dow v Michigan*, 396 Mich 192, 205-206; 240 NW2d 450 (1976); *Ross v Michigan*, 255 Mich App 51, 56; 662 NW2d 36 (2003). Thus, because of the constitutionally mandated due process protection, the GPTA further provides that any proceeding under the act conducted without due process is *invalid*. MCL 211.78i(2).

If the proceeding on which an order was based is subsequently determined to be invalid, as were the foreclosure proceedings in this case, then it follows that the order itself is invalid. MCL 211.78k(5)(f) requires that the circuit court include in the foreclosure judgment a finding that all interested parties were afforded due process.[3] A subsequent determination to the contrary inherently voids that finding. And the circuit court stated that it did not make specific findings with regard to the Westhaven parcel as required in MCL 211.78k(5)(f). We believe that, in such a circumstance, the circuit court retains jurisdiction over the foreclosure matter and, under MCR 2.612(C), retains the ability to modify or vacate the judgment or order it issued pursuant to an invalid proceeding after finding that an interested party whose rights were adversely affected by the judgment order was not afforded minimum due process.

---

[3] MCL 211.78k(5)(f) states that the circuit court's judgment shall specify, "A finding that those entitled to notice and an opportunity to be heard have been provided that notice and opportunity."

The minority would apparently reject such a conclusion given its reading of MCL 211.78k(6) and (7). MCL 211.78k(6), provides:

Fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid within 21 days after the entry of judgment shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. *The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7).* [Emphasis added.]

MCL 211.78k(7) provides that a "person claiming to have a property interest under section 78i in property foreclosed under this section may appeal the circuit court's judgment foreclosing property to the court of appeals."

The minority would conclude that these provisions, when read together, mandate that only this Court may hold invalid the foreclosing governmental unit's absolute title to the property. But MCL 211.78k(7) also states that the appeal is to be made within twenty-one days after the circuit court's judgment foreclosing property is entered. To do so, the interested person must have had knowledge of the judgment's entry. The provision does not consider situations in which, as here, the interested party allegedly had no such knowledge and, therefore, could not possibly appeal the judgment within the specified time.

The problem created by such an interpretation cannot be dismissed by relying on a remedy provision contained within the GPTA. MCL 211.78l(1) states:

If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a

parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

The section further provides that the Court of Claims has exclusive and original jurisdiction in claims for monetary damages. MCL 211.78l(2).

If the minority's interpretation were adopted, the owner of the extinguished property interest, regardless of the circumstances under which his interest was extinguished, would be limited to a cause of action in the Court of Claims for monetary damages for the notice deficiency. We simply cannot agree with such an interpretation that would deprive an interested party of its property interest without being afforded due process. Such a reading renders the statute unconstitutional. *Dow, supra*; *Ross, supra*. Statutes are presumed to be constitutional and should be construed in such a manner if at all possible. *Michigan United Conservation Clubs v Dep't of Treasury*, 239 Mich App 70, 76; 608 NW2d 141 (1999), aff'd 463 Mich 995 (2001).

### III. RE/MAX'S REMAINING APPELLATE ARGUMENTS

Having resolved the parties' jurisdictional dispute, we turn to the other issues raised by RE/MAX on appeal.

#### A. DUE PROCESS AND THE STATUTORY NOTICE REQUIREMENTS

Because we have determined that a circuit court retains jurisdiction if the owner of a property interest is deprived of due process, we next address RE/MAX's claim that the court erred in concluding that Westhaven

Manor was not afforded due process. Respondents argue that the circuit court's decision was correct because it was clear that petitioner did not strictly comply with the statutory notice provisions. However, strict compliance is not necessary. The GPTA's notice provision specifically states that a failure to comply with any of the notice provisions in § 78i shall not invalidate any proceeding under the act as long as the owner of a property interest or the person to whom a tax deed was issued was afforded the minimum due process required under the Michigan Constitution and the United States Constitution. MCL 211.78i(2). Therefore, the question is whether the circuit court erred in finding that Westhaven Manor was denied due process.[4]

But the circuit court did not address whether Westhaven Manor was provided minimum due process. Instead, the court erroneously believed that strict compliance with the statutory provisions was necessary to satisfy due process. The cases cited by the court and respondents regarding the necessity of strict compliance involved prior versions of the GPTA, not the one at issue in this case. Thus, the court applied the wrong standard in determining whether Westhaven Manor's due process rights had been violated. Because of the intensely factual nature of this issue and the court's admission that it did not follow the procedure in MCL 211.78k(5)(f) with respect to the Westhaven parcel, we remand this case for the circuit court to determine the issue under the correct standard: whether respondents were afforded the minimum due process required by the Michigan Constitution and the United States Constitu-

---

[4] Presumably, compliance with the statutory notice provisions of the GPTA would satisfy the constitutional minimum due process requirements. But the constitutionality of MCL 211.78i is not before us and, therefore, we proffer no opinion on the matter.

tion. If the circuit court concludes that minimum due process was not afforded, then it is within its jurisdiction under MCR 2.612(C) to enter an order vacating the foreclosure judgment, voiding the sale of the property to intervening party RE/MAX, and permitting respondents an opportunity to redeem the Westhaven parcel.

To guide the court in its analysis, we first note that Michigan's Due Process Clause has not been construed more broadly than its federal counterpart. *People v Sierb*, 456 Mich 519, 523-524; 581 NW2d 219 (1998); *English v Blue Cross Blue Shield of Michigan*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Accordingly, the court may find helpful the due process principles discussed in *Dusenbery v United States*, 534 US 161, 167-168; 122 S Ct 694; 151 L Ed 2d 597 (2002), *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420; 617 NW2d 536 (2000), and *Dow, supra*.

### B. LAW OF THE CASE AND STARE DECISIS

RE/MAX also argues that the circuit court did not follow "law of the case" and stare decisis principles, which required that the court not vacate the judgment of foreclosure. We disagree and find that neither doctrine is applicable to this case.

Under the law of the case doctrine, if an appellate court resolves a legal issue and remands to the trial court for further proceedings, the legal question determined by the appellate court will not be decided differently in a subsequent appeal in the same case if the facts remain materially the same. *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). Stated another way, the doctrine is applied when the prior appeal involves the "same set of facts, the same parties, and the same question of law . . . ." *City of Manistee v Manistee Fire Fighters Ass'n,* 174 Mich App

118, 125; 435 NW2d 778 (1989). RE/MAX presents no appellate decision that involves the same set of facts and parties as the ones involved in the instant case. Thus, RE/MAX has failed to provide a basis for the doctrine's application.

We also reject RE/MAX's argument that the doctrine of stare decisis precluded the circuit court from considering respondents' postjudgment motions. "Stare decisis" means " '[t]o abide by, or adhere to, decided cases.' " *Robinson v Detroit,* 462 Mich 439, 463 n 20; 613 NW2d 307 (2000), quoting Black's Law Dictionary (rev 4th ed). It is a principle of policy, rather than a mechanical formula for a court to adhere to its latest decision. *Robinson, supra* at 464, citing *Helvering v Hallock,* 309 US 106, 119; 60 S Ct 444; 84 L Ed 604 (1940). Because RE/MAX has not identified any appellate decision that was binding on the circuit court for purposes of deciding the postjudgment motions, the principle of stare decisis does not support RE/MAX's position that the court could not consider respondents' motions.[5]

### C. UNJUST ENRICHMENT AND CONSTRUCTIVE FRAUD

RE/MAX also argues that unjust enrichment and constructive fraud are not bases for voiding petitioner's absolute title. But these contentions are of little consequence because the circuit court did not make a specific finding of fraud and did not vacate petitioner's title on the basis of a determination that petitioner would be

---

[5] See MCR 7.215(C)(2) ("published opinion of the Court of Appeals has precedential effect under the rule of stare decisis"); *Catalina Marketing Sales Corp v Dep't of Treasury,* 470 Mich 13, 23; 678 NW2d 619 (2004) (published opinion of this Court issued after November 1, 1990, is binding on subsequent panels of this Court and lower tribunals, but not our Supreme Court).

unjustly enriched. Rather, the circuit court relied on petitioner's failure to strictly follow the statutory notice procedures. RE/MAX's arguments are not properly before this Court because RE/MAX failed to present any discussion regarding the basis of the circuit court's decision as it relates to these issues and did not cite supporting authority with respect to the standards for constructive fraud. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

Nevertheless, we agree that respondents' constructive fraud argument presented below is ultimately a claim of lack of notice. Respondents attempt to frame the essential question on appeal as involving whether petitioner was responsible for fraud or misrepresentation with respect to the personal visit requirement in MCL 211.78i(3) to justify the circuit court's jurisdiction under MCR 2.612(C)(1)(c). Respondents' claim of misrepresentation or fraud merely reiterates how they were denied notice under the GPTA and does not constitute a separate claim or action outside the GPTA. We are not bound by a party's choice of labels. To do so would place form over substance. *Kostyu v Dep't of Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988); see also *Parkwood Ltd Dividend Housing Ass'n, supra* at 770 (the nature of a claim, rather than a plaintiff's characterization of the request for relief, controls whether the Court of Claims has jurisdiction); *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992) (the "question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature").

Lastly, RE/MAX asserts that the right of redemption is not punitive in nature. But RE/MAX does not claim, nor does the lower court record indicate, that its argument is relevant to the circuit court's decision to vacate the March 4, 2002, judgment. "An appellant may not

merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ." *Peterson Novelties, supra* at 14. Accordingly, we decline to address the merits of this issue.

IV. CONCLUSION

In this case, the redemption amount for the unpaid special assessments in 1997 ($34.22) and 1999 ($61.15) totaled $404.73 when the property was foreclosed, which included all penalties and interest. After questionable adherence to the notice procedures in MCL 211.78i, petitioner was allowed to foreclose on the multimillion dollar property and sell it at a public auction for $19,000 to intervening plaintiff RE/MAX, which subsequently took steps to evict the residents of Westhaven Manor, a government-assisted senior citizens apartment complex that was located on the property. On the basis of our reading of the applicable provisions of the GPTA, we hold that, on a postjudgment motion in which the moving party alleges and proves a deprivation of its due process rights rendering a timely appeal to this Court impossible, the circuit court retains jurisdiction under MCR 2.612(C) to modify or vacate the foreclosure judgment it entered on the basis of an invalid proceeding. Accordingly, we hold that the circuit court retained subject-matter jurisdiction to hold invalid RE/MAX's title to the Westhaven parcel. But we reverse the circuit court's June 20, 2003, order and remand the case in order for the circuit court to determine if respondents' minimum due process rights were violated.

Reversed and remanded. We do not retain jurisdiction.

NEFF, P.J., concurred.

ZAHRA, J. *(concurring).*

### I. INTRODUCTION

I agree with the majority's conclusion that the circuit court erred in vacating its judgment of foreclosure on the Westhaven parcel and by declaring null and void the certificate of forfeiture in favor of petitioner as well as the quitclaim deed transferring the Westhaven parcel from petitioner to RE/MAX. I write separately because I conclude the circuit court lacked subject-matter jurisdiction to invalidate proceedings underlying the judgment of foreclosure and petitioner's absolute title to the Westhaven parcel. Further, I would not remand this matter for a determination whether respondents' due process rights were violated. Respondents have not properly preserved or presented any meritorious claim that they were denied their constitutional rights to due process, and the record does not indicate that respondents' minimum due process rights were violated. *Republic Bank v Genesee Co Treasurer*, 471 Mich 732; 690 NW2d 917 (2005); *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420; 617 NW2d 536 (2000).

### II. ANALYSIS

The majority validates the circuit court's jurisdiction by relying on the requirement of MCL 211.78i(2) that the owner of a property interest subject to foreclosure be provided minimum due process protection. I agree with the majority that MCL 211.78i(2) indicates that proceedings may be invalidated under the GPTA if "the owner of a property interest or a person to whom a tax deed was issued is [not] accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States." *Id.* However, the record does not indicate that respondents' mini-

mum due process rights under the state and federal constitutions were violated, and consequently the circuit court cannot rely on MCL 211.78i(2) to invalidate proceedings.

In *Smith*, our Supreme Court held "that mailing of tax delinquency and redemption notices to a corporation at its tax address of record in the manner required by the [GPTA] is sufficient to provide constitutionally adequate notice." *Smith, supra* at 421-422. More recently, our Supreme Court observed that the failure to comply strictly with statutory notice requirements alone does not give rise to a due process claim. *Republic Bank, supra* at 739-742. The critical question is whether an individual has been given a " ' "meaningful opportunity to be heard. . . ." ' " *Id.* at 742. (citations omitted).

The record reflects that petitioner sent notices of the foreclosure through certified mail to all respondents' addresses revealed by a title search of the Westhaven parcel. Admittedly, one of the two mailings to Westhaven Manor's listed addresses was returned by the post office as undeliverable, though a receipt for the other was returned as delivered. Also, the mailing to MSHDA was returned by the post office as "unknown." However, that some of the notices did not reach their intended destination "does not impose on the state the obligation to undertake an investigation to see if a new address for the [respondents] could be located." *Smith, supra* at 429. Further, "there is nothing to indicate that the [petitioner] had been informed of a new address for the [respondents]. *Id.* Petitioner served notice of foreclosure by publication on three separate occasions. And although it appears that petitioner, through its agent, failed to comply strictly with aspects of the personal visitation requirement of the GPTA, notice of foreclo-

sure was nonetheless posted on the property. Therefore, the record does not indicate that respondents' minimum due process rights under the state and federal constitutions were violated.

The lack of merit to any due process claim is bolstered by the parties' arguments on appeal, which do not properly present or preserve any meritorious claim regarding a failure to provide minimum due process. Specifically, MSHDA concedes in its brief on appeal that it "did not argue in the Circuit Court that [petitioner] violated its due process rights," and that "the issue in this case is not whether MSHDA's lack of notice violated due process."[1] Westhaven Manor likewise concedes in its brief on appeal that "[i]n no way, shape or form . . . [did] the Circuit Court [hold] that a violation of Westhaven's due process rights occurred here." Rather, respondents contend that the circuit court had authority under MCR 2.612(C) to set aside the order of foreclosure because petitioner failed to comply with the notice provisions of the GPTA, and compounded this failure by erroneously representing to the circuit court that it had fully complied with the notice provisions under the GPTA. Respondents do not assert they were denied their due process rights. Rather, respondents merely argue that they have experienced the type of injustice that MCR 2.612 is intended to remedy. However, in the absence of a due process violation, the circuit court lacked subject-matter jurisdiction to in-

---

[1] Near the end of its brief on appeal, MSHDA claims that "MSHDA was denied due process of law because [petitioner] failed to strictly comply with the [GPTA]." However, as mentioned, the failure to comply strictly with statutory notice requirements alone does not give rise to a due process claim. *Republic Bank, supra* at 739-742. MSDHA acknowledges the existence of a line of cases that are contrary to its argument that due process requires strict compliance and, yet, fails to distinguish the present case from those cases.

validate its March 4, 2002, judgment of foreclosure. Therefore, remand to the circuit court to determine whether respondents were accorded the minimum due process required under the Michigan Constitution and the United States Constitution is unnecessary.

The circuit court also lacked subject-matter jurisdiction to invalidate the foreclosing government's absolute title to the Westhaven parcel. The circuit court specifically ordered that "the Certificate of Forfeiture . . . as well as the subsequent quitclaim deed purporting to transfer [the Westhaven parcel] from [petitioner] to [RE/MAX] . . . are declared to be null and void and of no effect . . . . " At all times relevant to this dispute, MCL 211.78k(6), provided:[2]

> Fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid within 21 days after the entry of judgment shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. *The foreclosing governmental unit's title is*

---

[2] I am not persuaded that recent amendments to the GPTA, specifically those of 2003 PA 263, alter the manner in which we interpret and apply the GPTA to this case. Our Supreme Court has stated:

> "The controlling test as to the meaning of a statutory provision is always the legislative intent when fairly ascertainable. But the 'intent' referred to is the one entertained by the legislature at the time of the passage of the act, and not the intent expressed by a subsequent amendment. In the instant case, to interpret the subsequent amendment as an indication of the legislature's original intent would be mere speculation, not judicial construction." [*Detroit Edison Co v Dep't of Revenue*, 320 Mich 506, 519; 31 NW2d 809 (1948), quoting *Iron Street Corp v Unemployment Compensation Comm*, 305 Mich 643, 655; 9 NW2d 874 (1943).]

Thus, recent amendments of the GTPA offer only speculation in regard to the Legislature's intent in enacting the statutes at issue.

*not subject to any recorded or unrecorded lien and shall not
be stayed or held invalid except as provided in subsection
(7).* [Emphasis added.]

Subsection 7 provided that a "person claiming to
have a property interest under section 78i in property
foreclosed under this section may appeal the circuit
court's judgment foreclosing property to the court of
appeals." MCL 211.78k(7). Read together, these provi-
sions dictate that the circuit court may not hold invalid
the foreclosing governmental unit's absolute title to the
property.[3] Therefore, the circuit court was without
power to invalidate petitioner's absolute title to the
Westhaven parcel.[4]

---

[3] The majority notes that the appeal provision, MCL 211.78k(7),
required the aggrieved party to take an appeal within twenty-one days
after the circuit court's judgment of foreclosure. The majority concludes
that "[t]o do so, the interested person must have had actual knowledge of
the judgment's entry." *Ante* at 294. *However,* our Supreme Court made it
clear that due process does not require actual notice be provided to an
interested party to a foreclosure action. *Dow v Michigan,* 396 Mich 192,
211; 240 NW2d 450 (1976).

[4] Although not addressed by the majority, there are a number of
arguments advanced by respondents that are without legal merit. Re-
spondents argue that MCL 211.78k(6) does not bar the circuit court from
considering a postjudgment motion under MCR 2.612(C) because the
GPTA does not explicitly divest the circuit court of jurisdiction. Although
a statute divesting a circuit court of jurisdiction is to be strictly
construed, the divesture of jurisdiction can be accomplished under a clear
mandate of law. *Wikman v Novi,* 413 Mich 617, 645; 322 NW2d 103
(1982). While MCL 211.78k(6) does not expressly state the circuit court
is barred from considering postjudgment motions, it does state that
"[t]he foreclosing governmental unit's title . . . shall not be stayed or held
invalid except as provided in subsection (7)." This language plainly
provides that a circuit court cannot order RE/MAX's title to the West-
haven parcel invalidated, regardless whether the case is considered as
one on a postjudgment motion.

Westhaven Manor further argues that if MCL 211.78k(6) conflicts
with MCR 2.612(C), then MCL 211.78k(6) is unconstitutional because it
improperly limits the circuit court's ability to modify its own judgments

Furthermore, this conclusion is required by provisions of the GPTA that specifically address the present

and thereby infringes on our Supreme Court's rulemaking authority under Const 1963, art 6, § 5. However, unlike mortgage foreclosure actions or civil actions to determine interests in land under MCL 600.2932, the court rules contain no special rules for tax foreclosure actions. See MCR 3.410 and 3.411. The rules of civil procedure govern procedure in all courts, "except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure." MCR 2.001. Here, the circuit court's jurisdiction has been limited by our Legislature. Whether analyzed under the limited appeal procedures in MCL 211.78k(6) and (7) for challenging the validity of petitioner's title, or the limitations placed on notice deficiencies under MCL 211.78l, Westhaven Manor's claim that the statute must give way to MCR 2.612(C) is without legal support.

Moreover, the limitations established by our Legislature are not merely procedural rules, but reflect substantive policy considerations relating to the expeditious return to productive use of property returned for delinquent taxes. See MCL 211.78. A court rule should yield to the statute if the court rule contravenes a legislatively declared principle of public policy having some basis other than court administration. See *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999).

Also without legal merit is respondents' claim that the circuit court historically has powers in tax foreclosure cases to modify its judgments. As mentioned, the divesture of jurisdiction can be accomplished under a clear mandate of law. *Wikman, supra.* Also, a court of equity's inherent powers to correct mistakes in a judgment may be limited by the Legislature. *Cole v Auditor General*, 132 Mich 262, 265; 93 NW 890 (1903). "Courts of equity, as well as of law, must apply legislative enactments in accord with the plain intent of the legislature." *City of Lansing v Lansing Twp*, 356 Mich 641, 650; 97 NW2d 804 (1959).

I also reject respondents' attempt to justify circuit court jurisdiction under MCR 2.612(C) by claiming petitioner's failure to strictly comply with MCL 211.78i(3) amounted to fraud or misrepresentation. We are not bound by a party's choice of labels because that would place form over substance. *Kostyu v Dep't of Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988); see also *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 770; 664 NW2d 185 (2003); *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992). I agree with the majority that respondents' claim of misrepresentation merely reiterates how they were denied notice under the GPTA and does not constitute a separate claim or action outside the GPTA.

situation and provide a legal remedy for respondents' claim that petitioner did not provide proper notice of the foreclosure proceedings. MCL 211.78l, provided in pertinent part:

> (1) If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

> (2) The court of claims has original and exclusive jurisdiction in any action to recover monetary damages under this section.

> (3) An action to recover monetary damages under this section shall not be brought more than 2 years after a judgment for foreclosure is entered under section 78k.

The Legislature's clear statement in MCL 211.781(2) that the Court of Claims has original and exclusive jurisdiction of cases involving lack of notice under the GPTA provides additional reason to conclude that the circuit court was without subject-matter jurisdiction in this case. Recent case law supports this conclusion. In *Republic Bank, supra* at 736, the defendant county treasurer obtained title to the property, and "[u]pon discovery of the loss of the property, [the plaintiff] filed [an] action seeking monetary relief in the Court of Claims . . . . " Moreover, similar to respondents' claims in this case, the plaintiff in *Republic Bank* alleged "that [the] defendant had not provided proper notice of the foreclosure proceedings." *Id.* Thus, after petitioner obtained absolute title to the Westhaven parcel, respon-

dents' remedy lay with the Court of Claims.[5]

### III. CONCLUSION

In sum, I conclude that the circuit court lacked subject-matter jurisdiction to set aside its judgment of foreclosure and to declare null and void the certificate of forfeiture in favor of petitioner and the quitclaim deed transferring the Westhaven parcel from petitioner to RE/MAX. I would vacate the circuit court's postjudgment order dated June 20, 2003. I would not remand this case for further proceedings to address a due process issue that is not supported by the existing record, particularly inasmuch as the respondents have failed to properly preserve or present the issue on appeal.

---

[5] Westhaven Manor also argues that because it has always had possession and did not seek possession of the Westhaven parcel, MCL 211.78l(1) is not applicable. However, MCL 211.78l(1) merely recognizes that an action for possession is not permitted against a subsequent owner, such as RE/MAX. The plain and unambiguous language of the statute expresses that the owner of the extinguished property interest is limited to a cause of action for monetary damages for the notice deficiency, which action must be brought in the Court of Claims.