# STATE OF MICHIGAN

# COURT OF APPEALS

MERCEDES-BENZ FINANCIAL SERVICES
USA, LLC, a Delaware limited liability company,
f/d/b/a
MERCEDES-BENZ FINANCIAL, a business unit
of DCFS USA, LLC,

UNPUBLISHED
February 24, 2015

Plaintiff-Appellee,

v

No. 319280
Wayne Circuit Court
LC No. 13-007462-PD

ROY ANTONIO LAUES-GHOLSTON,

Defendant-Appellant.

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the circuit court order granting plaintiff summary disposition. We affirm.

## I. BACKGROUND

This is an action for claim delivery and damages arising from the breach of a retail installment contract (the contract) for a 2009 Mercedes-Benz vehicle. Defendant entered into the contract with dealer Mercedes-Benz of Novi in January 2009. The contract pursuant to its terms was assigned to Diamler Chrysler Financial Services (DCFS). Defendant stopped making payments in August 2012. Plaintiff filed a Verified Complaint and Motion for Possession Pending Entry of Final Judgment Pursuant to MCR 3.105(E) on behalf of Mercedes-Benz Financial Services USA, LLC (MBF) in June 2012. The Verified Complaint averred defendant was in breach of the contract for nonpayment and for having possibly transferred possession of the vehicle to a third-party without MBF's permission. Defendant's untimely answer admitted that payments had not been made and that defendant was no longer in possession of the vehicle. Plaintiff moved for summary disposition under MCR 2.116(C)(10) and entry of judgment under MCR 2.116(I). Defendant filed no response. At a hearing regarding immediate repossession of the vehicle, defendant challenged the assignment of his contract from DCFS to MBF, whether MBF was the proper party to collect on the contract, and stated his fear that he would have to pay the debt twice, to MBF and DCFS. After reviewing documents evidencing the merger and acquisition of the companies, the circuit court found that MBF was the party in interest and that

-1-

payment of the contract debt would extinguish MBF's lien on the vehicle. The court communicated these findings to defendant orally and entered an order memorializing those findings. The court granted summary disposition for the plaintiff and entered a money judgment in the amount of $37,687.01. The judgment and order afforded the defendant the opportunity to submit a cashier's check in the amount of $37,687.01 made out to the Wayne County Clerk's Office in lieu of surrendering the vehicle by a date certain. Defendant appeals from that order.

## II. DEFENDANT'S CLAIMS OF ERROR

On appeal defendant posits that MBF was without standing to sue, the circuit court was without subject matter jurisdiction to decide the case, and granted summary disposition erroneously to plaintiff. We disagree.

This Court reviews all of defendant's issues de novo. *Duncan v Michigan*, 300 Mich App 176, 191; 832 NW2d 761 (2013) (Standing); *Durcon Company v Detroit Edison Company*, 250 Mich App 553, 556; 655 NW2d 304 (2002) (Jurisdiction); *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999) (Summary Disposition).

Defendant first challenges MBF's standing to sue by attacking the validity of the assignment of his contract from DCFS to MBF. There is no support factually or legally for defendant's standing argument. Generally, a party has standing if it has "a legal or equitable right, title, or interest in the subject matter of the controversy." *MOSES Inc v SEMCOG*, 270 Mich App 401, 414; 716 NW2d 278 (2006). "[T]he standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 355; 729 NW2d 686 (2010) (internal quotation makes and citation omitted). Defendant does not challenge the affidavit from the assistant secretary for MBF which states that MBF was a business unit of DCFS and purchased the retail installment contracts once assigned to DCFS. Defendant has no standing to challenge the contracts between MBF and DCFS because he was not a party to those contracts. See *Woods v Ayres*, 39 Mich 345, 346–347 (1878). Finally, defendant's installment contract contains no language prohibiting its assignment.

Defendant next challenges the circuit court's subject matter jurisdiction. This challenge fails, also. "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. "Thus, circuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *In re Wayne Co Treasurer Petition*, 265 Mich App 285, 291; 698 NW2d 879 (2005). Under MCL 600.8301(1), subject-matter jurisdiction is conferred with the district court when the amount in controversy is less than $25,000. "[T]he plain, ordinary, and legal meaning of 'amount in controversy' under MCL 600.8301(1) is the amount the parties to a lawsuit dispute, argue about, or debate during the litigation." *Moody v Home Owners Ins Co*, 304 Mich App 415, 430; 849 NW2d 31 (2014). Here, the amount in controversy was never argued to be less than $30,000.

Defendant lastly challenges the circuit court's decision to grant plaintiff summary disposition. Summary disposition under MCR 2.116(C)(10) is appropriate when "there is no

genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." An MCR 2.116(C)(10) motion tests the factual sufficiency of the complaint. *Maiden*, 461 Mich at 120. Defendant did not respond to plaintiff's motion for summary judgment in writing. However, both in his oral response at the hearing and in his tardy answer to the Verified Complaint, he admitted that he breached the contract. His oral dispute concerning the amount owed under the contract was neither made under oath, nor otherwise supported. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, [a (C)(10)] motion is properly granted." *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999).

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly