**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 26, 2005**

REPUBLIC BANK, also known as
D & N BANK,

    Plaintiff-Appellee,

v                                       No. 126247

GENESEE COUNTY TREASURER,

    Defendant-Appellant.

_____

**PER CURIAM.**

This case concerns the application of two notice provisions in the General Property Tax Act, MCL 211.1 *et seq.* We must determine whether plaintiff may maintain a claim under the act on the basis of defendant county treasurer's alleged failure to adequately notify plaintiff of a tax foreclosure on a piece of property on which plaintiff was the mortgagee. The Court of Claims granted summary disposition to plaintiff on a finding that the notice given was insufficient under the act, and the Court of Appeals affirmed that decision. We reverse the judgment

of the Court of Appeals and remand the case to the Court of Claims.

I

On August 5, 1999, D & N Bank gave a $490,000 loan to Karmo Flint Investment, Inc. This loan was secured by a mortgage on a gas station located in Grand Blanc Township in Genesee County, Michigan. The mortgage was recorded with the Genesee County Register of Deeds, and it listed D & N Bank's headquarters address in Hancock, Michigan, as the proper location for provision of any notice. The summer taxes on the secured property were due on the day the loan was closed. D & N Bank did not deduct the amount required to pay the then-delinquent property taxes from the funds disbursed to the mortgagor, and those 1999 summer taxes were mistakenly never paid. All subsequent tax assessments were paid by D & N Bank or by plaintiff Republic Bank as its successor.

The dispute between the parties in this case was engendered by the mailing of a hearing notice to what plaintiff alleges was the wrong address. This question of the proper address for the notice was a consequence of a bank merger that occurred before the mailing. In May 1999, D & N Financial Corporation, the holding company of D & N Bank, had merged with Republic Bancorp, Inc., the holding

2

company of plaintiff Republic Bank. D & N Bank itself was subsequently merged into Republic Bank in December 2000. D & N Bank had its headquarters in Hancock. Republic Bank has its headquarters in Lansing, Michigan. After the bank merger, Republic Bank continued to maintain an office at the Hancock address. In fact, the former president and chief executive officer of D & N Financial, who became vice-chairman of the board of directors and one of the largest shareholders of the merged corporation, maintained his office at the Hancock location, as did other corporate officers.

Karmo Flint Investment ultimately defaulted on its loan from D & N Bank. On November 1, 2001, a stipulated order was entered in a civil action filed by Republic Bank (as D & N Bank's successor) in Oakland Circuit Court. The order appointed a receiver for the secured property and authorized the receiver to take immediate possession and to borrow from Republic Bank the funds necessary to pay any delinquent and future property taxes.

Neither D & N Bank nor Republic Bank availed itself of the right granted by MCL 211.78a(4) to receive delinquent tax notices, and the 1999 summer tax delinquency did not come to Republic Bank's attention. Because those taxes were never paid, defendant Genesee County Treasurer

3

commenced foreclosure proceedings on the Grand Blanc Township property. Defendant did not notify either D & N Bank or Republic Bank of the pending forfeiture of the property. Defendant did send out a notice of show cause and judicial foreclosure hearings in January 2002. The notice was sent by certified mail, return receipt requested, to the D & N Bank address in Hancock listed on the mortgage. On January 8, 2002, an employee at the Hancock office signed the return receipt. According to plaintiff, the notice never made it to the appropriate personnel at Republic Bank's Lansing headquarters.

Republic Bank did not send a representative to appear at the foreclosure hearing on February 19, 2002. At the hearing, the Genesee Circuit Court ordered a judgment of foreclosure to be entered on March 1, 2002. Pursuant to that judgment, title in the property was to be vested in defendant if all delinquent taxes were not paid within twenty-one days of entry. Neither Republic Bank nor the receiver of the property paid the delinquent taxes. Consequently, defendant obtained title to the property on March 23, 2002.

Upon discovery of the loss of the property, Republic Bank filed this action seeking monetary relief in the Court of Claims, alleging that defendant had not provided proper

4

notice of the foreclosure proceedings. At the close of discovery, both parties filed motions for summary disposition. The Court of Claims denied defendant's motion, and granted plaintiff's motion, finding that defendant had violated two notice provisions in the General Property Tax Act, MCL 211.78f and MCL 211.78i. The order granting plaintiff's motion was not a final judgment, because a hearing to determine plaintiff's damages was still required.

Defendant filed an application for leave to appeal with the Court of Appeals, which was granted. The Court of Appeals affirmed the decision of the Court of Claims.[1] It examined what it deemed the unique facts of this case and concluded that defendant had given plaintiff insufficient notice of the foreclosure proceedings. The Court of Appeals relied primarily on defendant's failure to mail the notice of show cause and foreclosure proceedings to Republic Bank at its Lansing headquarters. The Court concluded that mailing the notice to the Hancock address listed on the mortgage was not reasonably calculated to apprise plaintiff of the pendency of the proceedings, as required by the General Property Tax Act, MCL 211.78i. The

---

[1] Unpublished opinion per curiam, issued April 27, 2004 (Docket No. 251072).

Court added that, although defendant's failure to give notice of the threatened forfeiture, as required by MCL 211.78f, would not, standing alone, give rise to a due process claim, it was an important factual consideration in the Court's conclusion that the foreclosure notice failed to satisfy the requirements of due process.

## II

The General Property Tax Act authorizes county treasurers to seize tax-delinquent property and sell it at auction in order to recover the delinquent taxes. It also imposes procedural safeguards in order to afford persons with an interest in such property an opportunity to be heard. Among those safeguards are various notice requirements. In this case, three provisions of the act are particularly relevant.

As an overall principle, MCL 211.78(2) provides that the adequacy of notice under the act is governed by state and federal due process standards, rather than by the specific provisions of the act. The subsection states as follows:

> It is the intent of the legislature that the provisions of this act relating to the return, forfeiture, and foreclosure of property for delinquent taxes satisfy the minimum requirements of due process required under the constitution of this state and the constitution of the United States but that those provisions do not create

6

new rights beyond those required under the state constitution of 1963 or the constitution of the United States. The failure of this state or a political subdivision of this state to follow a requirement of this act relating to the return, forfeiture, or foreclosure of property for delinquent taxes shall not be construed to create a claim or cause of action against this state or a political subdivision of this state unless the minimum requirements of due process accorded under the state constitution of 1963 or the constitution of the United States are violated. [MCL 211.78(2).]

MCL 211.78f(1) requires a county treasurer to send certain parties notice of the date on which property will be forfeited to the county treasurer for unpaid delinquent taxes. The subsection states in part as follows:

Except as otherwise provided in section 79 for certified abandoned property, not later than the February 1 immediately succeeding the date that unpaid taxes were returned to the county treasurer for forfeiture, foreclosure, and sale under section 60a(1) or (2) or returned to the county treasurer as delinquent under section 78a, the county treasurer shall send a notice by certified mail, return receipt requested, to the person to whom a tax bill for property returned for delinquent taxes was last sent and, if different, to the person identified as the owner of property returned for delinquent taxes as shown on the current records of the county treasurer and to those persons identified under section 78e(2). [MCL 211.78f(1).]

Plaintiff, as a holder of an undischarged mortgage, is an entity identified under section 78e(2).[2] Therefore,

---

[2] MCL 211.78e(2)(b) lists (i) the owners, (ii) the holder of any undischarged mortgage, tax certificate issued under section 71, or other legal interest, (iii) a

7

plaintiff was entitled to notice under section 78f(1).  It is undisputed that defendant did not provide such notice.

The lower courts focused on the notice provision of MCL 211.78i.  In January 2002, when defendant sent out its notice of show cause and foreclosure hearings, the section provided in relevant part as follows:[3]

> (1) Not later than May 1 immediately succeeding the forfeiture of property to the county treasurer under section 78g, the foreclosing governmental unit shall initiate a title search to identify the owners of a property interest in the property who are entitled to notice under this section of the show cause hearing under section 78j and the foreclosure hearing under section 78k. . . .

> (2) The foreclosing governmental unit or its authorized representative shall determine the address reasonably calculated to apprise those owners of a property interest of the pendency of the show cause hearing under section 78j and the foreclosure hearing under section 78k and shall send notice of the show cause hearing under section 78j and the foreclosure hearing under section 78k to those owners, to a person entitled to notice of the return of delinquent taxes under section 78a(4), and to a person to whom a tax deed for property returned for delinquent taxes was issued pursuant to section 72 as determined by the records of the state treasurer, by certified mail, return receipt requested, not less than 30 days before the show cause hearing. The failure of the foreclosing governmental unit to comply with any provision of this section shall not invalidate any proceeding under this

---

subsequent purchaser under any land contract, and (iv) a person entitled to notice of the return of delinquent taxes under section 78a(5).

[3] The section was substantially amended by 2003 PA 263.

> act if the owner of a property interest or a person to whom a tax deed was issued is accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States. [MCL 211.78i.]

In short, notice must be sent to an address reasonably calculated to apprise the object of notice of the pending proceedings, and this requirement must be evaluated in the context of affording the object of notice minimal due process.

                                III

We will first examine whether defendant failed to provide adequate notice under MCL 211.78i. As earlier noted, the Court of Appeals concluded that defendant failed to determine the address reasonably calculated to apprise Republic Bank of the show cause and foreclosure hearings. In reaching this conclusion, the Court noted that defendant could have found an updated address in the local tax records, because plaintiff had paid the property taxes for the winter of 1999, the year 2000, and the summer of 2001, all before the foreclosure action. A search of the tax records, said the Court, would have given defendant an easily attainable updated address. We disagree with this analysis.

In *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976), this Court examined the requirements of due process in the

context of giving notice of a tax sale. In *Dow* the question was whether notice by publication was sufficient. This Court found that such notice did not meet constitutional standards, and then went on to describe the kind of notice that would satisfy due process requirements:

Personal service is not required. Notice by mail is adequate. Mailed notice must be directed to an address reasonably calculated to reach the person entitled to notice. Mailing should be by registered or certified mail, return receipt requested, both because of the greater care in delivery and because of the record of mailing and receipt or non-receipt provided. Such would be the efforts one desirous of actually informing another might reasonably employ. If the state exerts reasonable efforts, then failure to effectuate actual notice would not preclude foreclosure of the statutory lien and indefeasible vesting of title on expiration of the redemption period. [396 Mich 211.]

This analysis was acknowledged by this Court in *Smith v Cliffs on the Bay Condo Ass'n,* 463 Mich 420; 617 NW2d 536 (2000), which considered a constitutional challenge to the procedures by which tax-sale title to a piece of property was obtained. The notice provision at issue was MCL 211.131e. In *Smith,* tax notices were sent to the address of a corporation as indicated on a quitclaim deed. The mailing to this last known address was returned by the post office as not deliverable. The owner contended that under this circumstance, the notice was inadequate, and that additional efforts should have been undertaken to ascertain

10

the owner's current address. This Court disagreed, stating:

> In this case there is nothing to indicate that the township, county, or state had been informed of a new address for the association. Thus, it was appropriate for notices to be sent to the Birmingham address stated in the deed conveying the disputed parcel to the association. The fact that one of the mailings was returned by the post office as undeliverable does not impose on the state the obligation to undertake an investigation to see if a new address for the association could be located. [463 Mich 429.]

This Court held in *Smith* that the mailing of tax delinquency and redemption notices to a corporation at its tax address of record in the manner required by the General Property Tax Act was sufficient to provide constitutionally adequate notice.

The Court of Appeals in this case distinguished *Smith* by noting that, here, the municipality had been informed of a new address through the fact that plaintiff paid taxes on the property under the new name and address. We do not find this distinction significant. First, the record shows that plaintiff paid at least some of the post-summer 1999 property taxes using checks with the Hancock address on them. More importantly, this Court indicated in *Smith* that due process does not impose an obligation to undertake additional investigations, when an address has been provided on the relevant document and that document address

11

has not been changed. We agree with defendant's argument that to require municipalities to keep copies of checks that are sent to pay taxes and then compare the addresses thereon to those already provided for all property subject to foreclosure would place unwarranted burdens on those municipalities.

Here, where defendant relied on the address provided in the mortgage recorded with the Genesee County Register of Deeds, Republic Bank still operated a branch office at that address, and an employee of the bank signed the certified mail receipt card at that address, defendant not only complied with the minimum requirements of due process, but provided plaintiff with actual notice of the hearings. Defendant clearly sent notice to "the address reasonably calculated to apprise" plaintiff of the hearings.

Having found that defendant complied with the requirements of MCL 211.78i, we must also examine the implications of defendant's failure to provide any notice under MCL 211.78f. As the Court of Appeals held, such failure to give notice would not, standing alone, give rise to a due process claim. We agree. As this Court explained in *Mudge v Macomb Co,* 458 Mich 87, 102; 580 NW2d 845 (1998), the critical question for purposes of due process is whether an individual has been given a "'meaningful

12

opportunity to be heard . . . .'" (Quoting *Boddie v Connecticut*, 401 US 371, 379; 91 S Ct 780; 28 L Ed 2d 113 [1971].) We noted that deprivation of property by adjudication must be preceded by notice and opportunity appropriate to the nature of the case, and within the limits of practicability.

Here, the minimal requirements of due process were satisfied where Republic Blank received constitutionally adequate notice of the show cause and forfeiture hearings. Due process does not require the advance notice of MCL 211.78f when a person is given adequate notice and a meaningful opportunity to be heard pursuant to MCL 211.78i. Such a conclusion is mandated by the above-quoted language in MCL 211.78(2). Consequently, the Court of Appeals erred in affirming the grant of summary disposition in favor of plaintiff in this case. We thus reverse the judgment of the Court of Appeals. This matter is remanded to the Court of Claims for further proceedings consistent with this opinion.

> Clifford W. Taylor
> Elizabeth A. Weaver
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

13

S T A T E   O F   M I C H I G A N

SUPREME COURT

REPUBLIC BANK, also known as
D & N BANK,

    Plaintiff-Appellee,

v

No. 126247

GENESEE COUNTY TREASURER,

    Defendant-Appellant.

_____

KELLY, J. (*concurring*).

I agree with the disposition of this case. I continue to believe that a significant question exists about the constitutionality of the notice provisions of Michigan's General Property Tax Act.  MCL 211.1 *et seq.*  However, in this case, the notice that defendant provided not only satisfied the act, it survives constitutional scrutiny.

A property owner facing foreclosure must be given notice that foreclosure proceedings are underway.  *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 315; 70 S Ct 652; 94 L Ed 865 (1950); MCL 211.78i(2).  The property owners may not have been given adequate notice in the case of *Smith v Cliffs on the Bay Condo Ass'n,* 463 Mich 420; 617 NW2d 536 (2000) (Kelly, J., dissenting).  There, notice was mailed to the owners but returned as undeliverable.  I

believed that the owners may have been denied due process of law and I wrote:

> When the [Department of Treasury] receives notice that its tax bills directed to a corporation are undeliverable at a certain address, reasonableness may require one more step: an inquiry to the Corporations and Securities Bureau to check for a current address. [*Id.* at 433.]

By contrast, in the present case, defendant Genesee County Treasurer researched the title records for plaintiff's correct address and sent the notice to plaintiff at that address by certified mail. Defendant received verification that plaintiff had accepted delivery. These actions reasonably warned plaintiff that foreclosure of the property was about to occur.

Moreover, plaintiff Republic Bank received actual notice of the foreclosure hearing. It is the successor to D & N Bank's interest, and it continued to maintain an office at the address listed in the title records. Its employee accepted the notice.[1]

It is true that the bank was not given notice as required by § 78f of the act, MCL 211.78f. However, the

---

[1] That the notice was misplaced after plaintiff's employee accepted it is irrelevant to the question whether the bank received minimal due process.

notice it received of the show cause hearing and judicial forfeiture met the minimum requirements of due process. Therefore, I agree that the decision of the Court of Appeals should be reversed.

Marilyn Kelly
Michael F. Cavanagh