**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED MAY 23, 2007

IN RE PETITION BY TREASURER OF
WAYNE COUNTY FOR FORECLOSURE
_____

WAYNE COUNTY TREASURER,

     Petitioner,

and

MATTHEW TATARIAN and MICHAEL
KELLY,
     Intervening Parties-Appellants,

v                                     No. 129341

PERFECTING CHURCH,

     Respondent-Appellee.
_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

This case concerns the jurisdiction of circuit courts to modify judgments of foreclosure when the foreclosing governmental unit deprives the property owner of due process. Generally, the provision of the General Property Tax Act

(GPTA),[1] at issue in this case, as well as recent amendments of the GPTA, reflect a legislative effort to provide finality to foreclosure judgments and to quickly return property to the tax rolls. However, this legislative regime is problematic when the property owner is not provided with constitutionally adequate notice of the foreclosure. This is because MCL 211.78k(6) serves to insulate violations of the Due Process Clause of the United States Constitution and of the Michigan Constitution from judicial review and redress, thereby completely denying the property owner procedural due process. As applied to the limited class of property owners who have been denied due process in this statutory foreclosure scheme, this provision of the GPTA is unconstitutional. Therefore, for the reasons stated herein, we affirm the Wayne Circuit Court's order vacating the judgment of foreclosure and restoring the church's title to the property in question.

FACTS AND PROCEDURAL HISTORY

The property owner in this case, Perfecting Church, purchased two parcels for use as parking lots during its church services. Both parcels were transferred by a single deed that the church properly recorded. Nevertheless, after the church purchased and recorded a *single deed* for both the parcels, the Wayne County Treasurer listed one parcel on the Wayne County foreclosure listing. The church paid the outstanding taxes on that parcel and the treasurer assured the church that there were no further outstanding taxes on either parcel. Despite those assurances,

---

[1] MCL 211.1 *et seq.*

2

the treasurer initiated foreclosure proceedings against the other parcel. However, the church never received notice of the pending foreclosure because the treasurer did not comply with the notice provisions of the GPTA. Specifically, the treasurer sent the statutorily required notice to the *previous* owner and did not post a notice on either of the parcels.[2] Thus, the church had no notice of the foreclosure proceedings. The Wayne Circuit Court entered a judgment of foreclosure. After the redemption period passed, Wayne County sold the property to the intervening parties, Matthew Tatarian and Michael Kelly.

Subsequent to the sale, the church learned of the foreclosure and sale, and it filed a motion for relief from the foreclosure judgment in the Wayne Circuit Court. That court granted the church's motion and the Court of Appeals denied the intervening parties' delayed application for leave to appeal.[3] This Court granted their application for leave, directing the parties to address two issues:

> (1) whether the trial court retained jurisdiction to grant relief from the judgment of foreclosure pursuant to MCR 2.612(C), notwithstanding the provisions of MCL 211.87[*l*](1) and (2); and (2) whether MCL 211.78[*l*] permits a person to be deprived of property without being afforded due process.[4]

---

[2] MCL 211.78i requires the foreclosing entity to notify the property owner by certified mail. Additionally, MCL 211.78i requires the foreclosing governmental unit to visit the property, determine whether it is occupied, and either inform the occupant of the foreclosure or post notice in a conspicuous place.

[3] Unpublished order of the Court of Appeals, entered July 11, 2005 (Docket No. 261074).

[4] 474 Mich 1059 (2006).

STANDARD OF REVIEW

This Court reviews questions of law, such as issues of constitutional and statutory construction, de novo.[5]

ANALYSIS

Under the GPTA, a "foreclosing governmental unit shall file a single petition with the clerk of the circuit court of that county listing all property forfeited and not redeemed to the county treasurer under [MCL 211.78g] to be foreclosed under [MCL 211.78k] . . . . "[6] Before the hearing on the petition, the foreclosing governmental unit must provide proof of service of the notices required under the statute, as well as proof of the personal visit to the property and publication.[7] The circuit court then must make a series of factual determinations to complete the foreclosure process.[8] At the time the county foreclosed the church's property, the GPTA provided:

> Except as otherwise provided in subsection (5)(c) and (e),[9] fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest,

---

[5] *Wayne Co v Hathcock*, 471 Mich 445, 455; 684 NW2d 765 (2004).

[6] MCL 211.78h(1).

[7] MCL 211.78k(1).

[8] MCL 211.78k(5).

[9] MCL 211.78k(5)(c) and (e) provided exceptions for future installments of special assessments and liens recorded by the state or the foreclosing governmental unit under MCL 324.101 *et seq*., and certain easements and deed restrictions.

penalties, and fees are not paid within 21 days after the entry of judgment shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7).[10]

The statute also provides for an appeal to the Court of Appeals within 21 days of the judgment of foreclosure.[11] Finally, the GPTA provides property owners who claim they did not receive any notice an action for monetary damages in the Court of Claims.[12]

---

[10] MCL 211.78k(6). This subsection has since been amended by 2006 PA 611 and now provides:

> Except as otherwise provided in subsection (5)(c) and (e), fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property, including all interests in oil or gas in that property except the interests of a lessee or an assignee of an interest of a lessee under an oil or gas lease in effect as to that property or any part of that property if the lease was recorded in the office of the register of deeds in the county in which the property is located before the date of filing the petition for foreclosure under section 78h, and interests preserved as provided in section 1(3) of 1963 PA 42, MCL 554.291. The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9).

[11] MCL 211.78k(7).

[12] MCL 211.78*l*(1) states:

(continued…)

5

The intervening parties challenge the propriety of the grant of relief from judgment obtained by the church. They argue that MCL 211.78k(6) precludes the circuit court from staying or holding the governmental unit's title invalid. Furthermore, because the church did not avail itself of the redemption or appeal provision contained in subsections 6 and 7, it is limited to an action for monetary damages under MCL 211.78*l*.

The intervening parties accurately construe these provisions of the GPTA. If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title "*shall not* be stayed or held invalid . . . ." This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other

---

(…continued)

> If a judgment for foreclosure is entered under [MCL 211.78k] and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in [MCL 211.78k], the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

6

than through the limited procedures provided in the GPTA.[13] The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice. In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards.

However, the church argues that because the county denied it due process when taking its property, the church can avoid the limitations of the statute. The intervening parties respond that regardless of the property owner's claim, the statute only provides for one remedy once the redemption and appeals period has passed—a claim for monetary damages under MCL 211.78*l*.

As stated, we believe that the intervening parties' interpretation of the GPTA is correct. The act does not provide an exception for property owners who are denied due process. Thus, the intervening parties correctly assert that the GPTA does not provide relief for the church or other property owners who are denied due process.

The question then becomes whether such a regime is constitutional when it operates to deprive a property owner of its property without due process. This Court must presume a statute is constitutional and construe it as such, unless the

---

[13] The recent amendments of the GPTA add further support to this conclusion. See MCL 211.78k(5)(g).

only proper construction renders the statute unconstitutional.[14] The United States Supreme Court recently has held that "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[15] Furthermore, "'when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'"[16] However, "[d]ue process does not require that a property owner receive *actual notice* before the government may take his property."[17]

As noted above, the statute permits a foreclosing governmental unit to ignore completely the mandatory notice provisions of the GPTA, seize absolute title to a taxpayer's property, and sell the property, leaving the circuit court impotent to provide a remedy for the blatant deprivation of due process. That interpretation, allowing for the deprivation of due process without any redress

---

[14] *Caterpillar, Inc v Dep't of Treasury*, 440 Mich 400, 413; 488 NW2d 182 (1992), quoting *People v McQuillan*, 392 Mich 511, 536; 221 NW2d 569 (1974).

[15] *Jones v Flowers*, 547 US 220, __; 126 S Ct 1708, 1713-1714; 164 L Ed 2d 415, 425 (2006), quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S CT 652; 94 L Ed 865 (1950).

[16] *Jones*, *supra*, 547 US at ___; 126 S Ct at 1715; 164 L Ed 2d at 427, quoting *Mullane*, *supra* at 315.

[17] *Jones*, *supra*, 547 US at ___; 126 S Ct at 1713; 164 L Ed 2d at 425 (emphasis added).

8

would be patently unconstitutional.[18]  Unfortunately, as noted above, the plain language of the statute simply does not permit a construction that renders the statute constitutional because the statute's jurisdictional limitation encompasses all foreclosures, including those where there has been a failure to satisfy minimum due process requirements, as well as those situations in which constitutional notice is provided, but the property owner does not receive actual notice.  In cases where the foreclosing governmental unit complies with the GPTA notice provisions, MCL 211.78k is not problematic.[19]  Indeed, MCL 211.78*l* provides in such cases a damages remedy that is not constitutionally required.  However, in cases where the foreclosing entity fails to provide *constitutionally adequate* notice, MCL 211.78k permits a property owner to be deprived of the property without due process of law.  Because the Legislature cannot create a statutory regime that allows for constitutional violations with no recourse, that portion of the statute purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is

---

[18] The United States Supreme Court "consistently has held that some form of hearing is required *before* an individual is finally deprived of a property interest." *Mathews v Eldridge*, 424 US 319, 333; 96 S Ct 893; 47 L Ed 2d 18 (1976) (emphasis added), citing *Wolff v McDonnell*, 418 US 539, 557-558; 94 S Ct 2963; 41 L Ed 2d 935 (1974).

[19] Even when the foreclosing governmental unit only partially complies with the GPTA notice provisions, MCL 211.78k is sound as long as there is constitutionally adequate notice.  Because the notice provisions provide more notice than is required to satisfy due process, the constitution does not require strict compliance with all the statutory notice requirements.

9

unconstitutional and unenforceable as applied to property owners who are denied due process.

## CONCLUSION

Because there is no construction of the GPTA that renders the statute constitutional in cases where the taxing authority has denied the taxpayer due process, the statute is unconstitutional as applied to those individuals. In the present case, the county completely failed to comply with the notice provisions in the GPTA. As such, the county deprived the church of its property without providing due process. Therefore, for the reasons stated, we affirm the order of the Wayne Circuit Court that restored the church's title to the property in question.

Robert P. Young, Jr.
Clifford W. Taylor
Maura D. Corrigan
Stephen J. Markman

10

S T A T E   O F   M I C H I G A N

SUPREME COURT

IN RE PETITION BY TREASURER OF
WAYNE COUNTY FOR FORECLOSURE,
_____

WAYNE COUNTY TREASURER,
                    Petitioner,

and

MATTHEW TATARIAN and MICHAEL
KELLY,
                    Intervening Parties-Appellants,


v                                                                            No. 129341

PERFECTING CHURCH,

                    Respondent-Appellee.
_____

CAVANAGH, J. (*concurring in the result only*).

I concur with the result reached by the majority.  I write separately, however, to note that I do not agree that the notice procedures in the General Property Tax Act, MCL 211.1 *et seq*., necessarily satisfy due process.  See *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 432, 434; 617 NW2d 536 (2000) (Kelly, J., dissenting).  Despite being in compliance with the statute, an agency's action may still fail to give a property owner constitutionally required reasonable notice.

                    Michael F. Cavanagh
                    Marilyn Kelly

S T A T E   O F   M I C H I G A N

SUPREME COURT

IN RE PETITION BY TREASURER OF
WAYNE COUNTY FOR FORECLOSURE

WAYNE COUNTY TREASURER,
           Petitioner,
and

MATTHEW TATARIAN and MICHAEL
KELLY,
           Intervening Parties-Appellants,
v                                     No. 129341

PERFECTING CHURCH,

           Respondent-Appellee.

_____

WEAVER, J. (*concurring in the result only*).

Recent amendments of Michigan's General Property Tax Act (GPTA), MCL 211.1 *et seq.*, streamlined and expedited the real property tax foreclosure process.[1] The purpose articulated was to "strengthen and revitalize the economy of this state and its municipalities by encouraging the efficient and expeditious return to productive use of property returned for delinquent taxes."[2] The question before this Court is whether a party that is deprived of property without the notice

_____

[1] See 1999 PA 123 and 2001 PA 101.

[2] MCL 211.78(1).

of foreclosure required under the GPTA is limited to monetary damages as a remedy. Specifically, does the GPTA deprive a circuit court of jurisdiction to grant relief under MCR 2.612(C) from its prior foreclosure judgment?

I would hold that the relevant provisions of MCL 211.78 *et seq.*[3] in effect at the time the petition for foreclosure was filed in this matter did not deprive the circuit court of jurisdiction to grant respondent Perfecting Church relief from the circuit court's foreclosure judgment. I therefore concur in the result reached by the majority affirming the circuit court's order granting Perfecting Church's motion for relief from the judgment of foreclosure.

## I. FACTS

On July 1, 1999, respondent Perfecting Church purchased two vacant Wayne County properties for $100,000 and used both properties as parking lots for church service attendees.[4] On June 14, 2002, the Wayne County Treasurer filed a petition for foreclosure listing several thousand properties with unpaid taxes for the year 2000. The properties at issue here, the second lot and the first lot, were included in those foreclosure proceedings. On March 10, 2003, the Wayne Circuit Court entered a judgment of foreclosure regarding both of the vacant properties owned by Perfecting Church.

---

[3] MCL 211.78i(2), now MCL 211.78i(10); MCL 211.78k(6); MCL 211.78*l.*

[4] The two properties commonly known as 17833 Van Dyke (first lot) and 17843 Van Dyke (second lot) were both listed under one deed.

2

Pursuant to MCL 211.78i, the treasurer's office had a duty to mail notice of the pending foreclosure to the current owner, Perfecting Church. However, because of a recording error in the treasurer's office, the properties were not listed on the tax rolls as being owned by Perfecting Church, and so the treasurer's office sent the foreclosure notice to the *former* owner, *not to* Perfecting Church. In addition, the posted notice of foreclosure was incorrectly placed on a neighbor's adjacent lot, rather than on either the first lot or the second lot owned by Perfecting Church.

Consequently, Perfecting Church never received notice of the pending foreclosure. It was not until October 2003, seven months after the circuit court entered the foreclosure judgment, that Perfecting Church became aware of the tax delinquency pertaining to the first lot when the church's general manager saw it listed in the Wayne County forfeiture listing. After contacting the Wayne County Treasurer's office, Perfecting Church obtained and paid the tax bill for the first lot on October 14, 2003.

At that time, Perfecting Church also inquired about the tax status of the second lot and was advised by the treasurer's office that payment of taxes on the first lot would cover the second lot as well, because both properties were listed on the same deed. Apparently, this assertion by the treasurer's office was incorrect, and Wayne County subsequently sold the second lot at auction. On November 4, 2003, the treasurer conveyed the second lot by quitclaim deed to the purchasers at

3

the auction, intervening appellants Matthew Tatarian and Michael Kelly (appellants).

On May 14, 2004, pursuant to MCR 2.612(C)(1)(d) and (f), Perfecting Church filed a motion for relief from the judgment of foreclosure in the Wayne Circuit Court, alleging that it never received notice of the property foreclosure, which constitutes a violation of MCL 211.78i, MCL 211.78j, and MCL 211.78k; Const 1963, art 1, § 17; and US Const, Am XIV, § 1. On July 7, 2004, the circuit court granted Perfecting Church's motion and vacated the foreclosure judgment. Appellants filed a delayed application for leave to appeal in the Court of Appeals, asserting that MCL 211.78*l*(1) and (2) barred Perfecting Church from pursuing a motion for relief from the judgment of foreclosure, and that Perfecting Church was required to settle the matter in the Court of Claims. The Court of Appeals denied leave to appeal on the basis of lack of merit in the grounds presented.[5]

Appellants sought leave to appeal in this Court. This Court granted the application and directed the parties to include among the issues to be briefed: (1) whether the trial court retained jurisdiction to grant relief from the judgment of foreclosure pursuant to MCR 2.612(C), notwithstanding the provisions of MCL

---

[5] *In re Petition by Treasurer of Wayne Co for Foreclosure,* unpublished order of the Court of Appeals, entered July 11, 2005 (Docket No. 261074).

4

211.78*l*(1) and (2); and (2) whether MCL 211.78*l* permits a person to be deprived of property without being afforded due process.[6]

## II. STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law that this Court reviews de novo. *Lapeer Co Clerk v Lapeer Circuit Judges*, 465 Mich 559, 566; 640 NW2d 567 (2002). Questions of statutory construction are also reviewed de novo. *Grimes v Dep't of Transportation,* 475 Mich 72, 76; 715 NW2d 275 (2006). Finally, questions concerning the constitutionality of a statutory provision are subject to review de novo. *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006).

## III. ANALYSIS

The GPTA authorizes county treasurers to foreclose on tax-delinquent property and to sell the property at auction to satisfy tax delinquencies. *Republic Bank v Genesee Co Treasurer*, 471 Mich 732, 737; 690 NW2d 917 (2005). However, a person may not be deprived of property without due process of law. Const 1963, art 1, § 17; US Const, Am XIV, § 1. In *Dow v Michigan*, 396 Mich 192, 210; 240 NW2d 450 (1976), this Court held that due process requires that before the government takes a person's property by foreclosure, the person must be afforded notice and the right to contest the foreclosure. Following our decision

---

[6] *In re Petition by Treasurer of Wayne Co for Foreclosure (Wayne Co Treasurer v Perfecting Church)*, 474 Mich 1059 (2006).

5

in *Dow*, the Legislature added additional notice provisions to the GPTA to satisfy the constitutional due process requirements set forth in *Dow*. See, e.g., *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 428-429; 617 NW2d 536 (2000). As a result, the GPTA sets forth an extensive set of procedures to provide a property owner with notice in the tax foreclosure and sale process. *Id.* at 428.

This Court must presume that MCL 211.78 *et seq.* are constitutional. *People v McQuillan,* 392 Mich 511, 536; 221 NW2d 569 (1974). A presumption exists that the Legislature would not violate the constitution. *Id.* If a statute can be interpreted as being either constitutional or unconstitutional, this Court must choose the constitutional interpretation of the statute. *Id.*

Among the foreclosure provisions of the GPTA, three are relevant to the disposition of this case: MCL 211.78i(10), MCL 211.78k(6), and MCL 211.78*l*(1) and (2).[7] MCL 211.78(2) affirms that "[i]t is the intent of the legislature that the provisions of this act relating to the return, forfeiture, and foreclosure of property for delinquent taxes satisfy the minimum requirements of due process . . . ." The reference to "the minimum requirements of due process" is substantially repeated

---

[7] Petitioner Wayne County Treasurer asserts that an additional provision is applicable to this case: MCL 211.78k(5)(g), enacted by 2003 PA 263 and effective January 5, 2004. Petitioner's argument is that this 2003 amendment is applicable because respondent Perfecting Church did not file its motion for relief from the judgment of foreclosure until May 2004, *after* the 2003 amendment took effect. I am satisfied that MCL 211.78k(5)(g) is inapplicable because petitioner Wayne County filed its petition for foreclosure on June 14, 2002, and the Wayne Circuit Court entered the judgment of foreclosure on March 10, 2003, *before* the January 5, 2004, effective date of MCL 211.78k(5)(g).

in MCL 211.78i(10), which defines the notice required of governmental entities before foreclosure.

Section 78i(10)[8] states:

> The failure of the foreclosing governmental unit to comply with any provision of this section shall not invalidate any proceeding under this act if the owner of a property interest or a person to whom a tax deed was issued is accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States.

Essentially, § 78i(10) provides that as long as the property owner against whom foreclosure is sought is accorded notice satisfying minimum due process, the failure of the governmental entity to comply with other provisions in this section does not invalidate the proceeding. The linchpin of a valid foreclosure then is that a property owner must be "accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States."[9]

The next relevant provision is MCL 211.78k(6), which defines the state of the title to the foreclosed property. The version of § 78k(6) in effect at the time of this foreclosure stated:

> Fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid within 21 days after the entry of judgment shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. The foreclosing governmental unit's

---

[8] The 1999 provision was found at MCL 211.78i(2).

[9] MCL 211.78i(10).

7

title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7).[10]

In other words, once a valid judgment of foreclosure is entered, MCL 211.78k(6) establishes that the fee simple title to the foreclosed property "shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property."

After title vests in the foreclosing governmental entity pursuant to § 78k(6), MCL 211.78*l* establishes what remedy is available to the owner of the extinguished property interest. It states, in pertinent part:

> (1) If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

---

[10] MCL 211.78k(6) was amended by 2003 PA 263 and presently states:

> Except as otherwise provided in subsection (5)(c) and (e), fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9).

8

> (2) The court of claims has original and exclusive jurisdiction in any action to recover monetary damages under this section.

MCL 211.78*l* thus provides that once the prior owner's interest in a foreclosed property has been extinguished, the prior owner "shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section." Moreover, MCL 211.78*l*(2) states that the Court of Claims has exclusive jurisdiction over "any action to recover monetary damages under this section."

Here, respondent Perfecting Church did not bring an action for possession against appellant subsequent owners. Instead, Perfecting Church sought relief from the foreclosure judgment on the basis that the judgment was void because Perfecting Church never received notice of the foreclosure action. Appellants do not contest that Perfecting Church was deprived of notice, but argue that, despite this fact, MCL 211.78*l* precludes Perfecting Church from challenging the foreclosure. Appellants argue that MCL 211.78*l* limits Perfecting Church to seeking recovery for monetary damages, and establishes that the Court of Claims has exclusive jurisdiction over such an action. I disagree.

As a preliminary matter, I note that a circuit court has power to grant relief from a judgment under MCR 2.612(C). MCR 2.612(C)(1) states:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

> (a) Mistake, inadvertence, surprise, or excusable neglect.

9

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

Contrary to appellants' assertion, MCL 211.78*l* does not *divest* the circuit court of its power to grant relief from a judgment as specified by MCR 2.612(C)(1). Indeed, nothing in either MCL 211.78*l* or MCL 211.78k(6) removes the circuit court's power to grant relief from a judgment of foreclosure under MCR 2.612(C). MCL 211.78*l*(1) only prohibits a displaced property owner from bringing a new *action* for possession. An "action" is a proceeding in court. Black's Law Dictionary (7th ed). A motion for relief from a judgment of foreclosure under MCR 2.612(C) is a *motion* to set aside an existing judgment. A "motion" is an application requesting a court to make a specified ruling or order. Black's Law Dictionary (7th ed). It does not constitute a separate action. Therefore, MCL 211.78*l* does not apply to situations where a property owner files a motion for relief from a judgment under MCR 2.612(C).

Further, MCL 211.78k(6) only addresses the state of the title that the government receives. Although MCL 211.78k(6) states that the government's title

10

shall not be "stayed or held invalid," the government can only receive fee title to the property through a *valid foreclosure proceeding*. In situations where the property owner did not receive "the minimum due process required under the state constitution of 1963 and the constitution of the United States," the foreclosure proceeding is invalid under MCL 211.78i(10). *In re Petition by Wayne Co Treasurer for Foreclosure of Certain Lands for Unpaid Prop Taxes*, 265 Mich App 285, 293; 698 NW2d 879 (2005).

It follows that a foreclosing governmental unit cannot receive fee title to property when the property owner was not provided with minimum due process notice of an impending foreclosure. Therefore, MCL 211.78k(6) does not preclude a circuit court from modifying its judgment pursuant to MCR 2.612(C) when a property owner has not been provided constitutionally adequate notice of the foreclosure. The majority and I disagree on this point. While the majority holds that the language of MCL 211.78k(6) vesting absolute title in the foreclosing governmental unit limits a court's ability to modify judgments, I believe the correct, and constitutional, interpretation of the GPTA is that MCL 211.78i(10) invalidates any foreclosure proceeding when a foreclosing governmental unit's failure to provide adequate notice results in the property owner not being "accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States."

Thus, it is necessary to determine whether the foreclosure on Perfecting Church's property met the minimum due process notice requirements. Both the

11

Michigan and United States constitutions guarantee that a person shall not be deprived "of life, liberty or property, without due process of law." Const 1963, art 1, § 17; US Const, Am XIV, § 1. Due process of law entitles a person whose interest is at stake to "'notice and an opportunity to be heard.'" *Dusenbery v United States*, 534 US 161, 167; 122 S Ct 694; 151 L Ed 2d 597 (2002), quoting *United States v James Daniel Good Real Prop*, 510 US 43, 48; 114 S Ct 492; 126 L Ed 2d 490 (1993). Due process protects a real estate owner's interest in property. *Dow*, *supra* at 204. "People must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But before forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking." *Jones v Flowers*, 547 US 220, ___; 126 S Ct 1708, 1718; 164 L Ed 2d 415, 430 (2006).

For the first component of due process—notice of an impending taking— to be constitutionally adequate, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950); *Smith*, *supra* at 429. This Court previously held that the notice procedures contained within the GPTA satisfy the notice component of due process. *Smith*, *supra* at 428-429. However, in this case, the treasurer failed to follow the notice procedures of the GPTA.

12

The GPTA requires the foreclosing governmental unit to mail notice to the property owner as identified by the property's deed filed with the county register of deeds. MCL 211.78i(6). Here, however, the treasurer mailed notice to the *previous owner*; consequently, Perfecting Church never received the mailed notice to which it was entitled under MCL 211.78i(6). The GPTA also requires the foreclosing governmental unit to post notice at the property in question. MCL 211.78i(3)(d). But here, the treasurer posted the foreclosure notice on a lot *neighboring the property in question*. Thus, a foreclosure notice was never posted at Perfecting Church's property. There was an absolute failure to provide notice under the GPTA. Although actual notice is not a requirement of due process, the foreclosing governmental unit must make a reasonable effort to provide notice. *Dow*, *supra* at 211. When the government utterly fails to comply with any of the notice procedures provided in a foreclosure statute, the government has not made a reasonable effort to provide notice.

For the second component of due process—an "opportunity to be heard"— to be constitutionally adequate, the hearing must be "at a meaningful time and in a meaningful manner." *Armstrong v Manzo*, 380 US 545, 552; 85 S Ct 1187; 14 L Ed 2d 62 (1965); *Van Slooten v Larsen*, 410 Mich 21, 53; 299 NW2d 704 (1980). "A hearing would not be 'at a meaningful time' unless the owner of a significant interest in the property had an opportunity to cure any delinquency determined upon the hearing and avoid foreclosure and the taking of his property by the state." *Dow*, *supra* at 206 n 21. The property owner must be able to contest the

13

government's right to foreclose. *Id.* at 210. If the only hearing available to a property owner is a hearing in the Court of Claims for money damages, the property owner is deprived of an opportunity to contest the foreclosure and to defend his or her land. "'The opportunity to defend one's property before it is finally taken is so basic that it hardly bears repeating.'" *Id.* at 205 n 20, quoting *Arnett v Kennedy*, 416 US 134, 180; 94 S Ct 1633; 40 L Ed 2d 15 (1974) (White, J., concurring in part and dissenting in part).

The United States Supreme Court has held that the government does not always have to provide a hearing before the deprivation of a right. *Parratt v Taylor*, 451 US 527, 540-541; 101 S Ct 1908; 68 L Ed 2d 420 (1981). But the situations in which a postdeprivation hearing passes constitutional scrutiny are limited to those in which a predeprivation hearing would be unworkable. *Id.* at 541. The United States Supreme Court has held that the Due Process Clause is not implicated when the government negligently causes the loss of property. *Daniels v Williams*, 474 US 327, 328; 106 S Ct 662; 88 L Ed 2d 662 (1986). "Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Id.* at 331. Appellants argue that the treasurer's negligence in providing notice means that a due process analysis does not apply. But the treasurer *deliberately* foreclosed on Perfecting Church's property. Therefore, the negligent-actor rule from *Parratt* and *Daniels* does not apply to this case.

14

Appellants also argue that the purpose behind the GPTA should prevail over the Due Process Clause. They argue that the Legislature's express intention to streamline the foreclosure process should take precedence over a person's constitutional right to defend the person's property against a taking. It is true that, in enacting the GPTA, the Legislature intended to create a faster system in which purchasers of foreclosed property could receive clear title to put the land into productive use. Nevertheless, the United States Constitution requires that a person be provided with notice and a hearing before property can be taken. In *Dow*, *supra* at 209, the Court quoted *Stanley v Illinois*, 405 US 645, 656; 92 S Ct 1208; 31 L Ed 2d 551 (1972), in which the United States Supreme Court stated:

> "The establishment of prompt efficacious procedures to achieve legitimate state ends is a proper state interest worthy of cognizance in constitutional adjudication. But the Constitution recognizes higher values than speed and efficiency. Indeed, one might fairly say of the Bill of Rights in general, and the Due Process Clause in particular, that they were designed to protect the fragile values of a vulnerable citizenry from the overbearing concern for efficiency and efficacy that may characterize praiseworthy government officials no less, and perhaps more, than mediocre ones."

The government "exert[s] extraordinary power against a property owner" when it takes and sells an owner's property. *Jones*, *supra,* 547 US at __; 126 S Ct at 1721; 164 L Ed 2d at 433. The Due Process Clause is designed to protect citizens against that use of power. The Legislature cannot circumvent the constitutional obligation of due process in order to speed up the foreclosure process and convey clear title to land it acquired through foreclosure.

I note that the Legislature amended the GPTA in 2003 by enacting 2003 PA 263, which added a new subsection, MCL 211.78k(5)(g), describing the finality of the circuit court's judgment of foreclosure.[11] MCL 211.78k(5)(g) states:

> A judgment entered under this section is a final order with respect to the property affected by the judgment and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or for contested cases 21 days after the entry of a judgment foreclosing the property under this section.

That subsection effectively prohibits a circuit court from using MCR 2.612(C) to grant relief from the judgment of foreclosure for any reason because it states that the circuit court's judgment "shall not be modified, stayed, or held invalid . . . ." By prohibiting the circuit court from granting relief from judgment, MCL 211.78k(5)(g) leaves a displaced property owner deprived of notice, without the minimum due process accorded under the statute, only with the option of bringing a separate action. This result initiates MCL 211.78*l*(1), which in turn establishes that the property owner may only bring an action for monetary damages. Despite the fact that the property owner was deprived of property without notice, the

---

[11] Although any discussion of this amendment is dicta because it was not in effect at the time of the foreclosure filing in this case, I note that this amendment appears to be a further attempt by the Legislature to speed up the foreclosure process.

owner is precluded from bringing an action to recover the property.[12]  As such, I seriously question the constitutionality of MCL 211.78k(5)(g) because it deprives a person of his or her constitutionally protected right to due process before a deprivation of a property interest by the foreclosing government.

Unlike the majority, I am satisfied that the 1999 amendments of the GPTA can be construed so as not to violate the constitutional guarantee of due process when the government fails to provide notice before foreclosing on property.  MCL 211.78*l* does not prohibit the circuit court from using MCR 2.612(C) to grant relief from a judgment of foreclosure.  Therefore, a property owner can file a motion for relief from a judgment of foreclosure to defend against an unconstitutional governmental taking of property.  A property owner deprived of notice still receives a meaningful opportunity to be heard by bringing a motion pursuant to MCR 2.612(C) for relief from the judgment.  By using MCR 2.612(C), the property owner can still defend the property interest inasmuch as the circuit

---

[12] I believe that MCL 211.78k(5)(g) takes an unconstitutional step further than MCL 211.78k(6) by making the *judgment* of the circuit court final.  The language of MCL 211.78k(6) can be constitutionally reconciled with the language of MCL 211.78i(10) because MCL 211.78k(6) applies only to the *title* received by the government after a judgment of foreclosure is entered; it does not apply to the *judgment* of the court.  MCL 211.78k(5)(g), on the other hand, conflicts with MCL 211.78i(10) because it explicitly makes a judgment final, regardless of any due process concerns that may arise from the foreclosing government's failure to provide notice.

17

court still has the authority to set aside the foreclosure. In doing so, the circuit court preserves the property owner's interest in the land.

The circuit court correctly applied MCR 2.612(C) to grant Perfecting Church's motion for relief from the judgment of foreclosure. Perfecting Church is not limited to a suit for monetary damages under the 1999 amendments of the GPTA, which were in effect when the treasurer filed the foreclosure petition. Perfecting Church did not receive adequate notice to protect its property from the government's taking. Because the 1999 amendments did not prohibit the circuit court from modifying its judgment, the circuit court properly retained jurisdiction to modify its judgment of foreclosure pursuant to MCR 2.612(C), thereby affording Perfecting Church the opportunity to defend its ownership interest in the parking lot.

## IV. CONCLUSION

I would hold that under the relevant provisions of MCL 211.78 *et seq.* in effect at the time the petition for foreclosure was filed in this matter, the circuit court was not deprived of jurisdiction to grant relief to Perfecting Church pursuant to MCR 2.612(C). Perfecting Church was not limited to a recovery of monetary damages because Perfecting Church was completely deprived of adequate notice of the pending foreclosure. Because the absence of notice was a denial of the minimum due process required under both the Michigan Constitution, Const 1963, art 1, § 17, and the United States Constitution, US Const, Am XIV, § 1,

18

Perfecting Church was entitled to relief from the circuit court's foreclosure judgment.

I would affirm the circuit court's order granting Perfecting Church's motion for relief from the judgment of foreclosure.

Elizabeth A. Weaver